FAULKNER, Justice.
This case is before us for a second time. Our previous opinion is reported as Dougherty v. Hovater, 425 So.2d 1082 (Ala.1983). In that opinion we remanded the action to the trial court to determine whether certain stock owned by Earl Dougherty and his late wife was survivorship property. The circuit court ruled that it was not. It ordered that the stock be divided between Dougherty and Doris Hovater, his late wife’s daughter by a previous marriage. Dougherty appeals.
The Doughertys acquired the stock from his late aunt. She bequeathed the stock “to my nephew, Earl J. Dougherty and his wife, Annie Lee Dougherty, or to the survivor of them.” Consumers Power Company, a Michigan corporation, issued the certificates to “Earl J. Dougherty & Annie Lee Dougherty, Ten.Ent.” In their briefs, both parties treated the term “Ten.Ent.” as an abbreviation for tenants by the entirety. Mrs. Dougherty’s will left all her property to her daughter, Doris Hovater.
The parties directed their arguments to the issue of whether a tenancy by the entirety can be created in Alabama. The defendant argued that Alabama does not recognize the estate. Donegan v. Donegan, 103 Ala. 488, 15 So. 823 (1893); Walt- *186 hall v. Goree, 36 Ala. 728 (1860). The plaintiff pointed out that those cases involved conveyances which did not specify how the parties were to hold the property. At common law, any conveyance to a husband and wife created a tenancy by the entirety. The plaintiff argued that Done-gan and Walthall stand for the proposition that a conveyance to a husband and wife, without more, does not create an estate by the entirety, but that those holdings do not prevent the creation of such an estate by an express grant.
We do not consider the dispositive issue to be the existence, vel non, of tenancies by the entirety in Alabama. Regardless of the form of tenancy by which parties jointly hold property, under Alabama law the question of survivorship is governed by statute. Section 35-4-7 of the Alabama Code provides:
“When one joint tenant dies before the severance, his interest does not survive to the other joint tenants, but descends and vests as if his interest had been severed and ascertained; provided, that in the event it is stated in the instrument creating such tenancy that such tenancy is with right of survivorship or other words used therein showing such intention, then, upon the death of one joint tenant, his interest shall pass to the surviving joint tenant or tenants according to the intent of such instrument. This shall include those instruments of conveyance in which the grantor conveys to himself and one or more other persons and in which instruments it clearly appears that the intent is to create such a survivorship between joint tenants as is herein contemplated.”
See Nunn v. Keith, 289 Ala. 518, 268 So.2d 792 (1972).
Whether the Doughertys held the stock as tenants by the entirety or in some other form of joint tenancy, Mrs. Dougherty's interest did not survive to the plaintiff unless the instrument creating the estate contained language expressing an intent to create a survivorship estate. Section 35-4-7, Code of Alabama (1975). The will through which the Doughertys acquired the stock specifically bequeathed it to “Earl J. Dougherty and his wife, Annie Lee Dougherty, or to the survivor of them ” (emphasis added). The stock certificates contained a designation purporting to create a tenancy by the entirety. Etsates by the entirety stemmed from the common law concept that a husband and wife had a single existence. The essential characteristic of the estate was that each spouse owned the whole, not a divisible part. On the death of one spouse the survivor continued to own the whole by virtue of the title originally invested. Since survivorship is a primary feature of a tenancy by the entirety, we opine that the designation on the stock certificates purporting to create such a tenancy also constituted an expression of an intent to create a survivorship estate. See Bove v. Bove, 394 Pa. 627, 149 A.2d 67 (1959); Kepner, The Effect of an Attempted Creation of An Estate By The Entirety In Unmarried Grantees, 6 Rutgers L.Rev. 550, 557 (1952).
There is no dispute as to the material facts of the case. Both the bequest and the stock certificates contain language which, in our opinion, indicates an intent to create a survivorship estate. The decision of the trial court ordering the stock to be divided between the surviving tenant and the deceased tenant’s legatee is reversed and the case remanded.
REVERSED AND REMANDED.
MADDOX, JONES, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.
TORBERT, C.J., concurs specially.