Clyde E. Farmer, Sr., died on April 3, 1981. Letters testamentary for his estate were thereafter awarded to his son, Clyde E. Farmer, Jr., on June 18, 1981.
During his lifetime, Clyde E. Farmer, Sr., owned an interest in a promissory note, payable from Larry and Christine Jordan to "Clyde E. Farmer, or Grace Farmer, or Charles Edgar Farmer"[1]
in monthly installments. At the date of Mr. Farmer's death, the principal balance remaining on the note was $19,645.02.
On March 31, 1982, Clyde E. Farmer, Jr., as executor of the estate of Clyde E. Farmer, Sr., filed a complaint for a declaratory judgment, seeking an interpretation of a portion of the will of Clyde E. Farmer, Sr., as well as a determination as to the rightful payees of two promissory notes, one of which was the "Jordan" note hereinbefore mentioned.
The only aspect of the trial court's final ruling involved in this appeal is that portion finding that the estate of Clyde E. Farmer, Sr., retained a 1/3 interest in payments due under the "Jordan" note subsequent to his death.
We affirm.
 DECISION
According to Appellant Grace Farmer, the fact that the "Jordan" note was payable on its face to "Clyde E. Farmer, or
Grace Farmer, or Charles Edgar Farmer" (emphasis added), readily evidences an intent that the note be held in joint tenancy with right of survivorship. Consequently, she says, upon the death of Clyde E. Farmer, Sr., and because of the subsequent assignment of Charles Edgar Farmer to her of his interest in the "Jordan" note, she should now have full title to any proceeds from the "Jordan" note. We disagree.
Our decision in this case is controlled by Lovett v. Uptain,450 So.2d 116 (Ala. 1984), *Page 2 
(affirming Lovett v. Uptain, 450 So.2d 113 (Ala.Civ.App. 1983)). The fact that the property in question in Lovett, was a jointly owned certificate of deposit and not a jointly owned promissory note, as in the instant case, does not require a different result in the two cases. Both are personalty; and, as between those contesting title, both situations are controlled by Code 1975, § 35-4-7. As this Court stated in Lovett:
 "As between the claimants to the proceeds, here, the administratrix of the estate of Mrs. Spruell, Mrs. Uptain on the one hand, and Mrs. Lovett on the other, § 35-4-7, Code [1975], is the controlling statute with regard to Mrs. Lovett's claim to the proceeds as a joint tenant with right of survivorship. Title to personalty by that act is determined in accordance with the intention of the parties `stated in the instrument creating such tenancy.' Nothing in the evidence suggests that a joint tenancy with right of survivorship was intended. That being so, Mrs. Lovett is not entitled to the entire fund, because the certificate of deposit did not create a survivorship estate in her."
The incidence of ownership being the same in this case as inLovett, (i.e., the names of the joint owners being separated by the word "or," and with no intention of the parties "stated in the instrument creating [a right of survivorship]"), and the applicable statute being the same, perforce the result is the same. Cf., Dougherty v. Hovater, 447 So.2d 185 (Ala. 1984), (holding that "the designation on the stock certificates purporting to create [a tenancy by the entirety] constituted an expression of an intent to create a survivorship estate.") Consequently, the judgment appealed from is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, SHORES and BEATTY, JJ., concur.
[1] Grace Farmer is the wife of Clyde E. Farmer, Sr. After the filing of the complaint in this action, Charles Edgar Farmer, grandson of Mr. and Mrs. Clyde E. Farmer, Sr., assigned all of his right, title, and interest in the "Jordan" note to Grace Farmer, his grandmother.