This appeal by Daisy Briscoe is from a decree determining the assets of the estate of Lottie M. Sherrer and construing her will. The decree was adverse to Briscoe in all respects. We reverse.
Mrs. Daisey Briscoe is the only surviving sibling of Lottie M. Sherrer. Among the assets of the decedent are seven certificates of deposit. They were issued by two Blount county banks to "Lottie M. Sherrer or Daisy Briscoe" on the dates and in the amounts specified below:
 CERTIFICATE DATE "ISSUER NUMBER OF ISSUE AMOUNT
 Central Bank A10098 12/5/79 $5,000.00 Central Bank A11119 5/9/80 $500.00 Central Bank A12397 1/29/81 $5,000.00 Bank of Blountsville 10404 10/9/81 $8,237.00 Bank of Blountsville 10405 10/9/81 $20,440.47 Central Bank A-13694 10/17/81 $3,000.00 Central Bank A-14784 7/23/82 $15,000.00"
We note at the outset there are two code sections particularly significant to the resolution of this case: Code 1975, § 5-1-25 and § 5-5A-41. The latter section superseded the other on 28 May 1980. They read as follows:
 "§ 5-1-25 Ownership of deposits made in names of two persons upon death of one.
 "(a) When a deposit shall be made in any bank doing business in this state in the names of two persons payable to either of such persons, or payable to the survivor of them, the said deposit shall, upon the death of either of said persons, become the property of and be paid in accordance with its terms to the survivor, irrespective of whether or not the funds deposited were the property of only one of said persons, irrespective of whether or not at the time of the making of such deposit there was any intention on the part of the person making such deposit to vest the other with a present interest therein, and irrespective of whether or not only one of said persons during their joint lives had the right to withdraw such deposit and irrespective of whether or not there was any delivery of any bank book, account book, savings account book or certificate of deposit by the person making such deposit to the other of such persons.
 "(b) This section shall apply to certificates of deposit, as well as to savings accounts and checking accounts and shall also apply where a deposit is made in the names of more than two persons where there is a provision for survivorship.
 "(c) Nothing contained in this section shall be construed to prohibit the person making such deposit from withdrawing or collecting the same during his lifetime, nor shall the fact that such person had the right to withdraw or collect said deposit during his lifetime operate to defeat the rights provided in this section for the person or persons surviving such depositor."
 "§ 5-5A-41. Payment of deposits made in names of two persons upon death of one; more than two persons with provision for survivorship. *Page 407 
 "(a) Any deposit heretofore or hereafter made in any bank in the names of two or more persons payable to any of such persons, upon the death of either of said persons, may be paid by the bank to the survivors jointly, irrespective of whether or not:
 "(1) The form of the deposit or deposit contract contains any provision for survivorship;
 "(2) The funds deposited were the property of only one said person;
 "(3) There was at the time of making such deposit any intention on the part of the person making such deposit to vest the other with a present interest therein;
 "(4) Only one of said persons during their joint lives had the right to withdraw such deposit;
 "(5) There was any delivery of any bank book, account book, savings account book, certificate of deposit or other writing by the person making such deposit to the other of such persons; or
"(6) Any other circumstances.
 "The bank in which such deposit is made may pay such deposit, or any part thereof or interest thereon, to either of said persons, or if one is dead, to the surviving of them, and such payment shall fully release and discharge the bank from all liability for any payment so made.
 "(b) The provisions of this section shall apply to savings accounts, checking accounts and certificates of deposit and shall also apply to any deposit made in the names of more than two persons where there is an express written provision for survivorship in the deposit contract.
 "(c) Nothing contained in this section shall be construed to prohibit the person making such deposit from withdrawing or collecting the same during his lifetime; nor shall anything contained in this section prohibit any person or persons making a deposit in the names of more than one person from providing for disposition of such deposit and interest thereon in a manner different from that provided above in this section, provided such different manner of disposition is expressly provided for in writing in the deposit contract."
It is apparent that upon the death of Mrs. Sherrer the two certificates of deposit designated as A10098 and A11119 became the property of Daisy Briscoe. Jones v. Jones, 423 So.2d 205
(Ala. 1982).
With respect to the other certificates of deposit, the trial court, having heard the case upon ore tenus evidence, made the following express finding of fact:
 "The Court does not find from the evidence that any of the elements of a valid gift existed prior to the death of Mrs. Sherrer, and determines that the Certificates of Deposit are not the property of Daisy Briscoe but are assets of the Estate of Lottie M. Sherrer and as such should be disposed in accordance with the Last Will and Testament of Lottie M. Sherrer."
It is evident that the remaining certificates of deposit should have been disposed of in accordance with Code 1975, §35-4-7. Farmer v. Farmer, 455 So.2d 1 (Ala. 1984). This section provides as follows:
"35-4-7. Survivorship between joint tenants.
 "When one joint tenant dies before the severance, his interest does not survive to the other joint tenants but descends and vests as if his interest had been severed and ascertained; provided, that in the event it is stated in the instrument creating such tenancy that such tenancy is with right of survivorship or other words used therein showing such intention, then, upon the death of one joint tenant, his interest shall pass to the surviving joint tenant or tenants according to the intent of such instrument. This shall include those instruments of conveyance in which the grantor conveys to himself and one or more other persons and in which instruments it clearly appears that the intent is to create such a survivorship between joint tenants as is herein contemplated." (Emphasis added.) *Page 408 
Consequently, the trial court erred in finding that the remaining certificates of deposit are exclusively the property of the Sherrer estate. In fact, under the terms of Code 1975, §35-4-7, only a one-half interest in the remaining certificates of deposit descends through the estate of Lottie Sherrer. The remaining one-half interest is the property of Daisy Briscoe. Accordingly, the judgment of the trial court is due to be, and is hereby, reversed.
REVERSED.
TORBERT, C.J., and FAULKNER, ALMON and ADAMS, JJ., concur.