Robert Hale Goldsmith died on June 5, 1985, leaving a will that included the following provisions:
 "IV.B. I give and bequeath to Mary Elizabeth Ritch Sims the sum of FORTY THOUSAND ($40,000) DOLLARS in cash, provided she survives me.
". . . .
 "IV.D. I have obtained some certificates of deposit, or other cash accounts, in which I have placed the name of Mary Elizabeth Ritch Sims as joint account holder with me. . . . To the extent that [she] receive[s] any cash by reason of holding property jointly with me, those amounts shall be credited to the sum of money given to [her] by me, under this item [IV] of my Will and reduce the amount of the bequest to [her]."
At his death, Goldsmith owned three accounts jointly with Sims: a checking account with a balance of $18,168.28; a certificate of deposit with a principal amount of $40,000; and a certificate of deposit with a principal amount of $10,000. The signature card for the checking account explicitly created survivorship rights, and Sims withdrew the entire balance upon Goldsmith's death. The two certificates of deposit, however, were established in the names of Goldsmith "or" Sims, with no words of survivorship.
The will named Peoples Bank and Trust Company of Selma, Alabama, as executor. Peoples Bank filed this action for a declaration as to the ownership of the certificates of deposit. The trial court declared that the certificates of deposit are the property of the estate and directed the executor to pay Sims the balance due under her bequest, or $21,831.72.
Under the holdings of Ex parte Lovett, 450 So.2d 116, (Ala. 1984), and Farmer v. Farmer, 455 So.2d 1 (Ala. 1984), the trial court correctly held that the certificates of deposit did not create any survivorship rights in Sims. See also Johnson v.Sims, 501 So.2d 453 (Ala. 1986). Parr v. Godwin, 463 So.2d 129
(Ala. 1984), in which extrinsic evidence was allowed because the provision for designating the type of account was left blank, is distinguishable, because the certificates in this case are complete on their face. The language in Goldsmith's will cannot be held to create an ambiguity *Page 514 
in the certificates; even if it could, it does not indicate an intention to create survivorship rights in the accounts, but only an intention that if an interest in the accounts passes to Sims through joint ownership, then her bequest is correspondingly diminished.
The trial court erred in calculating the interests in the accounts, however, because the severance of the joint ownership by Goldsmith's death vested one-half ownership in his estate and one-half in Sims. The above-cited cases make it clear that Code 1975, § 35-4-7, governs survivorship rights in bank accounts. This Court has similarly applied § 35-4-7 in a holding directly on point. Briscoe v. Latta, 471 So.2d 405
(Ala. 1985). Thus, Sims is entitled to one-half of the certificates of deposit, or $25,000 plus accrued interest. This amount, together with the amount she received through the checking account, satisfies the bequest and leaves nothing owing to her from the estate.
The judgment that the certificates are entirely the property of the estate is reversed and the cause is remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, BEATTY, and HOUSTON, JJ., concur.