This is an appeal from a declaratory judgment entered against Francis L. Leonard, the widow of Claude Leonard, in favor of Minnie Beverly and Myrtie Findley, as co-executrixes of the estate of Claude Leonard, deceased ("Estate"). The question here is whether the trial court erred in finding that a portion of four certificates of deposit was the property of the Estate and not the separate property of Ms. Leonard. We affirm.
Mr. Leonard died on January 5, 1987, survived by his widow and by the children and grandchildren of his deceased brothers and sisters. The Leonards were married in March 1973, but there were no children of that marriage. Mr. Leonard, by his last will and two codicils thereto, left his Estate equally to two trusts — one-half to a marital trust for Ms. Leonard with full rights of appointment and one-half to a residuary trust (subject to certain invasions for Ms. Leonard's support if necessary) for the use and benefit of certain of Mr. Leonard's relatives.
The ownership of the following four certificates of deposit made payable to "Claude Leonard or Francis L. Leonard," with no words of survivorship, is the issue on appeal:
Certificate No. Original Amount Date of Issue
 7214 $13,939.37 4/18/84
 7749 $27,696.87 8/21/84
 9069 $ 4,343.64 8/10/85
 10216 $ 3,753.75 6/23/86

The total of these four certificates is $49,733.63. The trial court held that Ms. Leonard owned one-half of that total amount as her separate property as a joint tenant and that the Estate owned the other one-half.
Alabama Code 1975, § 35-4-7, provides, in pertinent part, as follows:
 "When one joint tenant dies before severance, his interest does not survive to the other joint tenants but descends and vests as if his interest had been severed and ascertained; provided, that in the event it is stated in the instrument creating such tenancy that such tenancy is with right of survivorship or other words used therein showing such intention, then, upon death of one joint tenant, his interest shall pass to the surviving joint tenant or tenants according to the intent of such instrument." (Emphasis added.)
In Sims v. Peoples Bank Trust Co., 519 So.2d 512
(Ala. 1988), we held that certificates of deposit payable to "[x] or [y]" with no words of survivorship did not confer a right of survivorship. See, also, Farmer v. Farmer, 455 So.2d 1
(Ala. 1984); Ex parte Lovett, 450 So.2d 116 (Ala. 1984). Title to funds in such an account was to be determined according to the intentions of the parties as stated in the instrument that created the tenancy. Johnson v. Sims, 501 So.2d 453 (Ala. 1986).
There is nothing in these four certificates to indicate that survivorship was intended. Consequently, the trial court's holding was in accord with § 35-4-7 and Sims v. PeoplesBank Trust Co., supra; Johnson v. Sims, supra; Farmer v.Farmer, supra; and Ex parte Lovett, supra. In this case, Ms. Leonard did not attempt to reform the certificates of deposit. These certificates *Page 1028 
are complete and unambiguous on their face; therefore, although Ms. Leonard attempted to introduce extrinsic evidence of intent, that evidence was not relevant. SeeSims v. Peoples Bank, supra.
Therefore, we find that the trial court correctly determined that, upon Mr. Leonard's death, one-half of the proceeds of the certificates of deposit issued by the Bank of Grove Hill — # 7214, # 7749, # 9069, and # 10216 — became the property of the Estate.
AFFIRMED.
HORNSBY, C.J., and JONES, SHORES and KENNEDY, JJ., concur.