HOUSTON, Justice.
Betty K. Lott, individually and as admin-istratrix of the estate of Richard Harvey Knight, deceased, filed this action seeking a judgment declaring that bank account number 60-1789-4 (“the account”) at Troy Bank and Trust Company (“the Bank”), containing funds in excess of $39,000, was the property of the estate of the adminis-tratrix’s decedent, Mr. Richard Harvey Knight (“Mr. Knight”). The defendants, Paul Knight and Joanna Knight, answered the complaint, claiming that they were joint tenants with right of survivorship as to the bank account or, in the alternative, that each of them owned a one-third interest in the account. The trial court heard the case without a jury and entered the following order:
“That there does exist an actual controversy between [the administratrix] and [Paul and Joanna] concerning ownership of a bank account at [the Bank] as alleged in [the administratrix’s] complaint for a Declaratory Judgment.
“That [the administratrix] is entitled to and shall have and recover the funds on deposit with [the Bank] in [the account] as described in the complaint.”
Paul and Joanna appeal. We affirm.
Our standard of review under the ore tenus rule is to affirm the trial court’s judgment where it is supported by the evidence or inferences that can logically be drawn from the evidence, and to reverse only if the judgment is found to be plainly and palpably wrong by not being supported by the evidence or inferences that can be logically drawn from the evidence. See Paige v. State Farm Fire & Casualty Co., 562 So.2d 241 (Ala.1990); American Casualty Co. v. Wright, 554 So.2d 1015 (Ala. 1989); City of Birmingham v. Sansing Sales of Birmingham, Inc., 547 So.2d 464 (Ala.1989); King v. Travelers Ins. Co., 513 So.2d 1023 (Ala.1987); Robinson v. Hamilton, 496 So.2d 8 (Ala.1986).
Mr. Knight, a widower with no children, opened the account at the Bank in 1984 by depositing funds that belonged only to him. Mr. Knight signed the signature card, and his Social Security number appeared on that signature card. Four years later, Paul and Joanna’s names were added to this account, giving them the right to write checks on this account. The following was typed on the new signature card: “update to signature card only.” Neither the line on the signature card reading “Joint with Survivorship” nor the one reading “Joint without Survivorship” was checked, and there was testimony that one of these would have been checked if Mr. Knight had instructed the Bank that this was to be a joint account with right of survivorship or without survivorship. The account number was not changed when Paul and Joanna’s names were added. Mr. Knight’s Social Security number was the only Social Security number typed on the new signature card.
Many of Mr. Knight’s relatives performed services and chores for him during the last years of his life, including Paul, who was his grandnephew, and Joanna, who was Paul’s wife. There was evidence that Mr. Knight intended for Paul and Joanna to have the money that remained in the account after his death, after payment of his debts; there was also evidence that he intended for the balance of this account, after the payment of his debts, to be a part of his estate. We discuss the following cases, because they were cited by Paul and Joanna in their brief.
In Parr v. Godwin, 463 So.2d 129 (Ala. 1984), a checking account was opened in the name of “C.M. Kelly or Frances God-win.” The checking account signature card did not designate the kind of account on the card. The trial court received parol evidence to determine the kind of account that was intended. There was evidence to support the trial court’s finding that the bank account was held in joint tenancy with right of survivorship, and this Court affirmed. In Farmer v. Farmer, 455 So.2d 1 (Ala.1984), this Court affirmed a judgment based on the trial court’s finding that a note payable to “Clyde K. Farmer or Grace Farmer, or Charles Edgar Farmer” did not create a joint tenancy with right of surviv-orship, and that the estate of Clyde K. Farmer, deceased, was entitled to one-third *1300 of the proceeds of the note. In Briscoe v. Latta, 471 So.2d 405 (Ala.1985), the ownership of two certificates of deposit was held to be controlled by Ala. Code 1975, § 5-1-25, which was superseded by § 5-5A-41 before the account made the basis of the suit was established. Briscoe v. Latta was an ore tenus case, but this Court did reverse the trial court’s findings that the remaining certificates were the exclusive property of the estate of Lottie M. Sherrer and it held that only one-half of the proceeds of the certificates was the property of the estate under Ala. Code 1975, § 35-4-7. The certificates were initially purchased in the names of “Lottie M. Sherrer or Daisy Briscoe.” The opinion did not set out the evidence that the Court relied on in holding that the trial court’s finding that there was no evidence of a valid gift of these proceeds from Ms. Sherrer to Ms. Briscoe prior to Ms. Sherrer's death was plainly and palpably wrong. In Andrews v. Troy Bank & Trust Co., 529 So.2d 987 (Ala.1988), the trial court held that a stock certificate in the name of “Mr. or Mrs.” created an ambiguity that permitted the use of parol evidence to prove that the wife had a survivorship interest. This Court reversed, finding that the case was distinguishable from Parr v. Godwin, supra, because there was nothing incomplete or ambiguous about the stock certificate, and the Court held that one-half of the proceeds of the stock certificate went to the husband’s estate and one-half to the surviving wife. In Sims v. Peoples Bank & Trust Co., 519 So.2d 512 (Ala.1988), the certificates of deposit were established in the name of Goldsmith “or” Sims, with no words of survivorship. Goldsmith died, and his executor filed a declaratory judgment action to determine the ownership of the certificates of deposit. The trial court held that the certificates were the property of Goldsmith’s estate. This Court reversed and held that Goldsmith’s death vested a one-half interest in his estate and a one-half interest in Sims, under § 35-4-7. There was nothing to show that the circumstances surrounding the purchase of the certificates or the wording of the certificates created any ambiguity.
Not cited by Paul and Joanna, but within the memory and from the pen of the author of this opinion, Leonard v. Beverly, 563 So.2d 1026 (Ala.1990), also involved the ownership of certificates of deposit worded husband “or” wife. The wife appealed from a judgment holding that the husband’s estate owned one-half of the certificates. This Court affirmed, holding that the certificates were complete on their faces and, therefore, that extrinsic evidence of intent was not relevant.
Parr v. Godwin, supra, in which this Court affirmed the trial court’s judgment, is more like the case at issue than are any of the other cases discussed. In the instant case, the signature card uses the word “or": “R.H. Knight or Paul or Joanna Knight.” Before the new signature card was signed, the account was the individual account of Mr. Knight. Nothing was checked on the new signature card to designate that the account was changed from an individual account to a “Joint with Survivorship” account or a “Joint without Survivorship” account. This was an “update to signature card only," because that phrase was typed on the new signature card. (Emphasis added.)
The best that can be said in Paul and Joanna’s favor is that the new signature card was ambiguous, so as to permit parol evidence of intent. It is not for us to determine whether parol evidence of Mr. Knight’s intent should have been admitted, however, because both sides introduced such evidence without objection by the other; therefore, such evidence was admissible as a matter of law under the law of the case doctrine. In Alfa Mutual Insurance Co. v. Northington, 561 So.2d 1041, 1044 (Ala. 1990), we noted and held:
“In Alabama, however, it has been generally recognized that parties to a lawsuit may try their case on evidence that would otherwise be inadmissible upon proper objection and that where evidence violative of the parol evidence rule is admitted without objection, it may be considered and allowed such force and effect as its weight entitles it in construing the agreement of the parties. See *1301 State ex rel. Elmore v. Leveson, 207 Ala. 638, 93 So. 608 (1922); Vinyard v. Duck, 278 Ala. 687, 180 So.2d 522 (1965); Mer-sereau v. Whitesburg Center, Inc., 47 Ala.App. 146, 251 So.2d 765 (Ala.Civ.App. 1971).”
From a review of the documentary evidence and the oral testimony transcribed into the record, we must hold that the trial court’s judgment is not plainly and palpably wrong.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ., concur.