ON APPLICATION FOR REHEARING
The Court's original opinion of August 23, 1991, is withdrawn, and the following opinion is substituted therefor.
On April 24, 1985, Henry Howle converted a checking account at AmSouth Bank in Cullman, Alabama, into a joint checking account, adding the name of Opal Gorham to the account. Both Henry Howle and Opal Gorham signed the signature card. Henry Howle was given a copy of the bank rules and regulations at that time. Mr. Howle died on September 29, 1986. On or about October 15, 1986, Ms. Gorham withdrew $122,124.77 from the joint checking account. On November 4, 1986, the Cullman County Probate Court granted letters *Page 64 
testamentary for the estate of Henry Howle to Holly Howle Lansford, the daughter of Henry Howle and the executrix of his estate. Upon Ms. Lansford's petition, the administration of Henry Howle's estate was removed to the Cullman Circuit Court. Ms. Lansford sent a written demand to Ms. Gorham to return the $122,124.77 to Henry Howle's estate. Ms. Gorham refused to do so.
Ms. Lansford filed an action in the circuit court, alleging in count one a conversion and praying in count two that a constructive trust be placed on the $122,124.77. The cause was tried before the trial court, sitting without a jury. The trial court held that, based on the language of the account signature card and the account rules and regulations and the evidence of the relationships between Henry Howle and the parties, the joint tenancy had created a right of survivorship in Ms. Gorham, and it entered a judgment for Ms. Gorham. The trial court's order states in pertinent part:
 "The last sentence in paragraph three on the back of [the signature card] states that '[u]pon the death of one or more of the signature parties, the funds on deposit in the account may be paid by the bank to the surviving signature parties or any of them.'
 "The account rules and regulations state that '[t]his means that any one of you may withdraw all or any part of the money in the account regardless of who put the money in the account. If any of you die, the surviving depositor (or either of them, if more than one) may continue to make withdrawals from the account.'
 "We all agree that Ala. Code 1975, § 35-4-7, applies in this case. . . . The pivotal part of [§ 35-4-7] provides 'that in the event it is stated in the instrument creating such tenancy that such tenancy is with right of survivorship or other words used therein showing such intention, then, upon the death of one joint tenant, his interest shall pass to the surviving joint tenant or tenants according to the intent of such instrument.'
 "The court . . . holds [that] the signature card and the [account rules and regulations created a right of] survivorship between the joint tenants. . . .
". . . .
 "The Court has considered whether or not there is clear evidence of an ambiguity concerning the bank signature card and the exhibit as Court's Exhibits '1' and '2', then the Court holds that there is extrinsic evidence demonstrating Mr. Howle's intent to create a survivorship account from the total facts before the Court including all the facts concerning the daughter, Holly Howle Lansford, her relationship with her father, his relationship over the years with Mrs. Gorham and his purposeful intent to dispose of the checking account involved herein. The Court holds in this case for the Defendant, Opal Gorham, on both theories, intent from Mr. Howle to create a survivorship account to Mrs. Gorham and on the evidence presented, if it could be considered an ambiguity on his intent under the bank cards as filed in here with the directions there."
On appeal, the parties agree that the ownership of funds in a joint account is to be determined by an application of Ala. Code 1975, § 35-4-7, to the language of the joint tenancy instrument. Section 35-4-7 provides:
 "When one joint tenant dies before the severance, his interest does not survive to the other tenants but descends and vests as if his interest had been severed and ascertained; provided, that in the event it is stated in the instrument creating such tenancy that such tenancy is with right of survivorship or other words used therein showing such intention, then, upon the death of one joint tenant, his interest shall pass to the surviving joint tenant or tenants according to the intent of such instrument. This shall include those instruments of conveyance in which the grantor conveys to himself and one or more other persons and in which instruments it clearly appears that the intent is to create such a survivorship between joint tenants as is herein contemplated."
(Emphasis added.)
In Andrews v. Troy Bank Trust Co., 529 So.2d 987 (Ala. 1988), we quoted Parr v. *Page 65 Godwin, 463 So.2d 129, 134-35 (Ala. 1984), concerning the requirements of § 35-4-7:
 " 'It should be clear that under § 35-4-7 a grant of personal property . . . to two or more persons creates in them a tenancy in common with respect to such property unless the proviso in that statute is complied with; that is, the instrument creating the estate must clearly indicate that a joint tenancy with right of survivorship was intended. It has consistently been stated than an instrument creating a joint tenancy with right of survivorship must clearly express the incident of survivorship if such was intended by the parties. Smith v. Smith, 418 So.2d 898 (Ala. 1982); Durham v. Durham, 400 So.2d 751, 752 (Ala. 1981); Nunn v. Keith, 289 Ala. 518, 268 So.2d 792 (1972).' "
529 So.2d at 993.
The bank's checking account rules and regulations state in pertinent part:
"How to Make Withdrawals:
 "Individual accounts — You may withdraw money from an individual account by check or by any other form of order acceptable to us.
 "Joint accounts — Any one of you may sign checks to withdraw money from your account unless the signature card clearly says that more than one of you must sign each check on the account. This means that any one of you may withdraw all or any part of the money in the account regardless of who put the money in the account. If any of you die, the surviving depositor . . . may continue to make withdrawals from the account."
(Emphasis added.)
The relevant portion of the checking account signature card states:
 "If the account is a joint account, withdrawals of funds on deposit may be made in whole or in part upon the order of either or any of the parties whose signatures appear on the reverse side ('Signature Parties') subject to the Bank's rules and regulations. Upon the death of one or more of the Signature parties, the funds on deposit in the account may be paid by the Bank to the surviving Signature parties or any of them."
(Emphasis added.)
Although the language on the signature card and its reference to the bank rules governing payment to the surviving depositor are not literally an express grant of a right of survivorship, this language does indicate an intention consistent with the creation of a joint tenancy with right of survivorship. In addition to this evidence of intent, the trial court found independent evidence from the relationships between the parties and Henry Howle to indicate that Henry Howle intended to create a joint account with right of survivorship with Ms. Gorham. The trial court's findings that this evidence satisfied the requirements of Ala. Code 1975, § 35-4-7, and Andrews v. TroyBank Trust Co., supra, for the creation of joint tenancies with right of survivorship are not clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence. Gaston v. Ames, 514 So.2d 877, 878
(Ala. 1987); Cougar Mining Co. v. Mineral Land MiningConsultants, Inc., 392 So.2d 1177 (Ala. 1981).
The judgment of the trial court is due to be, and it is hereby, affirmed.
APPLICATION GRANTED; ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES, HOUSTON, STEAGALL and INGRAM, JJ., concur.