C.W. Pickett purchased a certificate of deposit in the names of "C.W. Pickett or A.J. Pickett," his brother. Upon C.W. Pickett's death, Sharon Saxon, his daughter, was appointed administratrix of the estate.
Saxon filed a petition seeking to compel A.J. Pickett to deliver to her a certain certificate of deposit that she contended was part of C.W. Pickett's estate; she contended that the funds were those of the decedent alone. The probate court determined that the certificate of deposit became the property of A.J. Pickett upon the death of C.W. Pickett, by virtue of survivorship. The court held that the certificate of deposit was subject to the provisions on the reverse side, where the term "joint deposits" is defined to mean that a certificate of deposit in the name of two or more persons is a joint deposit with the right of survivorship.
It is undisputed that the decedent signed a document styled "CERTIFICATE OF DEPOSIT AND INFORMATION FORM," number 7001611, which consisted of a legal-size document with information and printing on the front and reverse sides, the decedent's signature in the middle of the front side, and a "tear off" portion at the bottom. Saxon contends that the court can look at only the removable or "tear off" portion at the bottom of the document and that the court should not consider the terms on the form to which it is attached. Section 35-4-7, Alabama Code 1975, provides:
 "When one joint tenant dies before the severance, his interest does not survive to the other tenants but descends and vests as if his interest had been severed and ascertained; provided, that in the *Page 956 
event it is stated in the instrument creating such tenancy that such tenancy is with right of survivorship or other words used therein showing such intention, then, upon the death of one joint tenant, his interest shall pass to the surviving joint tenant or tenants according to the intent of such instrument. This shall include those instruments of conveyance in which the grantor conveys to himself and one or more other persons and in which instruments it clearly appears that the intent is to create such a survivorship between joint tenants as is herein contemplated."
In Andrews v. Troy Bank Trust Co., 529 So.2d 987 (Ala. 1988), we quoted Parr v. Godwin, 463 So.2d 129, 134-35 (Ala. 1984), concerning the requirements of § 35-4-7:
 " 'It should be clear that under § 35-4-7 a grant of personal property . . . to two or more persons creates in them a tenancy in common with respect to such property unless the proviso in that statute is complied with; that is, the instrument creating the estate must clearly indicate that a joint tenancy with right of survivorship was intended. It has consistently been stated than an instrument creating a joint tenancy with right of survivorship must clearly express the incident of survivorship if such was intended by the parties. Smith v. Smith, 418 So.2d 898 (Ala. 1982); Durham v. Durham, 400 So.2d 751, 752 (Ala. 1981); Nunn v. Keith, 289 Ala. 518, 268 So.2d 792 (1972).' "
529 So.2d at 993.
Printed on the back of Pickett's certificate of deposit is the following paragraph explaining the bank's policies and procedures:
 "A certificate of deposit in the names of two or more persons is a joint deposit with right of survivorship. If this is a joint deposit, any or all of the joint owners can redeem the certificate. Each joint owner appoints all other joint owners as his or her agent to endorse, withdraw, pledge and conduct all other transactions with respect to the deposit. You agree that this deposit can be paid to any one or more of the joint owners. Once a joint deposit is made, one owner can remove another owner from the certificate without the other owner's consent."
We held in Lansford v. Gorham, 591 So.2d 63 (Ala. 1991):
 "Although the language on the signature card and its reference to the bank rules governing payment to the surviving depositor are not literally an express grant of a right of survivorship, this language does indicate an intention consistent with the creation of a joint tenancy with right of survivorship."
The terms on the reverse side of a certificate of deposit setting out the bank's policies are analogous to the signature card in Lansford. From the testimony presented at trial, the court could have determined that, in addition to the terms on the back of the certificate of deposit, there was corroborating evidence that C.W. Pickett had intended the certificate of deposit to provide for joint tenancy with the right of survivorship.
The probate court's finding that the evidence satisfied the requirements of § 35-4-7, Alabama Code 1975, was not clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence. Gaston v. Ames,514 So.2d 877, 878 (Ala. 1987); Cougar Mining Co. v. Mineral Land Mining Consultants, Inc., 392 So.2d 1177 (Ala. 1981).
For the foregoing reasons, the judgment of the probate court is due to be affirmed, on the authority of Lansford v. Gorham,591 So.2d 63 (Ala. 1991).
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and HOUSTON, JJ., concur. *Page 957