ALMON, Justice.
Peggy Martin and several other heirs of Basil Aycock’s estate appeal from a judgment in favor of Sue Hester, the administratrix. Martin and the other heirs petitioned for removal of the administration of Aycock’s estate from the probate court to the circuit court. In the circuit court, the petitioners sought administration of the estate and a declaration regarding the ownership of certain certificates of deposit. The issues are: (1) Did the trial court err in finding that several certificates of deposit were held in joint tenancy with right of survivorship? (2) Did the trial court err in finding that Hester did not breach her duties as administratrix of Aycock’s estate? and (3) Did the trial court err in awarding Hester a commission and her attorney fees from the estate’s assets?
Aycock’s estate included five certificates of deposit, two of which are in question. One certificate was in Aycock’s name alone, and was therefore paid to his estate. The other four certificates were payable to “Basil Ay-cock or Pauline King.”[1] One of these had the phrase “Joint Tenants with Right of Sur-vivorship” stamped on the front. The petitioners concede that this certificate was rightly paid to King at Aycock’s death. Another certificate read on its back “this certificate and the deposit evidenced hereby shall belong to said depositors as joint tenants with right of survivorship”; that certificate was paid to King and is not in dispute.
The petitioners do question the ownership of the two remaining certificates, which Hester allowed to be paid to King at Aycock’s *435 death. They contend that Hester should have collected these accounts as estate assets. The petitioners complain that she omitted these assets and other items of personal property from an inventory of the estate’s assets. Hester states that the only assets not included on the inventory list were the two certificates of deposit and items stolen from Aycoek’s residence by burglars.
The trial court found that the two certificates of deposit in question were held in joint, tenancy with right of survivorship, based on the “parties’ intentions as evidenced by the instrument that created said joint tenancy.” Alabama Code 1975, § 35-4-7, provides, in pertinent part:
“When one joint tenant dies before the severance, his interest does not survive to the other joint tenants but descends and' vests as if his interest had been severed and ascertained; provided, that in the event it is stated in the instrument creating such tenancy that such tenancy is with right of survivorship or other words used therein showing such intention, then, upon the death of one joint tenant, his interest shall pass to the surviving joint tenant or tenants according to the intent of such' instrument.”
The parties’ intentions are to be determined by the document exclusively, without the benefit of extrinsic evidence, if the document is complete on its face. Sims v. Peoples Banks & Trust Co., 519 So.2d 512 (Ala.1988);
Although the two certificates contain no language explicitly stating that the funds were held in joint tenancy with right of sur-vivorship, on their back the certificates read as follows:
“JOINT CERTIFICATES: When two or more persons are named as depositors on the certificate with the conjunction ‘or’ appearing between names, then such certificate shall be payable to any of the survivor or survivors of them and payment may be made upon surrender of the certificate to any of them during the lifetime of all or to any survivor or survivors after the death of one or more of them.”
The two certificates named “Basil Aycock or Pauline King” as depositors.
In Lansford v. Gorham, 591 So.2d 63, 65 (Ala.1991), the cheeking account signature card stated: “Upon the death of one or more of the Signature parties, the funds on deposit in the account may be paid by the Bank to the surviving Signature parties or any of them.” The Court held: “Although the language on the signature card and its reference to the bank rules governing payment to the surviving depositor are not literally an express grant of a right of survivorship, this language does indicate an intention consistent with the creation of a joint tenancy with right of survivorship.” Id. The language on the certificates in this case, stating that “the certificate shall be payable to ... the surviv- or,” is stronger evidence of an intention to create a survivorship account than the language in Lansford, which stated that “the funds ... may be paid by the Bank to the surviving Signature parties.”
In Hart v. Jackson, 607 So.2d 161, 163 (Ala.1992), this Court held that “Hart’s reb-anee on what she describes as the bank’s pobcy of treating ‘or’ accounts as joint accounts with right of survivorship is not germane to the question of ownership interests between the abeged owners of the accounts.” However, Hart did not produce the instruments creating the accounts or any evidence that those instruments showed an intention to create survivorship accounts. Instead, Hart rebed simply on the bank statements and checks, which had no survivorship language, and on the bank’s abeged pobcy described in the quotation above. Thus, Hart was a case where the instrument creating the tenancy was not shown to state an intention that the tenancy be with right of survivorship or to use other words showing such an intention.
Before May 28, 1980, Ala.Code 1975, § 5-1-25, made joint bank accounts survivorship accounts. Since that date, § 5-5A-41 has simply allowed a bank to pay funds in such an account to the survivor, without addressing the question of ownership. See Ex parte Lovett, 450 So.2d 116 (Ala.1984); Farmer v. Farmer, 455 So.2d 1 (Ala.1984); Briscoe v. Latta, 471 So.2d 405 (Ala.1985). Thus, for accounts created on or after May 28, 1980, § 35-4-7 governs the ownership question, *436 and accounts created by instruments containing no survivorship language have been held to create tenancies in common. Leonard v. Beverly, 563 So.2d 1026 (Ala.1990); Sims v. People’s Bank, supra; Briscoe, supra; Farmer, supra; and Lovett, supra.[2] In Parr v. Godwin, 463 So.2d 129 (Ala.1984), the Court held that the failure to mark a choice among a list of possible types of accounts creates an ambiguity allowing parol evidence of intention regarding survivorship. See Marshall v. Nelson, 622 So.2d 889 (Ala.1993).
The certificates in this case cannot be said to contain no words indicating an intention that the tenancy be with survivorship. They are complete on their face, so the Parr v. Godwin rule does not apply. The trial court correctly held that the language quoted above from the certificates in issue showed an intention that the funds would be held with right of survivorship.
Hester’s decision not to collect the certificates of deposit as assets of the estate was based on a belief that they did not belong to the estate, but rather to her sister, Pauline King. The petitioners argue that this omission, as well as omissions of other items of personal property, was a violation of Hester’s statutory duties as administratrix. See Ala. Code 1975, § 43-2-310. The court found that Hester had performed her duties adequately. The petitioners sought to prove certain improprieties, but Hester submitted contrary evidence. Aycock owned 10 rental properties that took considerable effort to maintain and manage. The court found the facts in favor of Hester, and there is no reason to disturb the court’s judgment as to the propriety of Hester’s administration of Aycock’s estate.
Similarly, there is no reason to disturb the court’s decision to award payment of Hester’s commission and attorney fees from the estate. Although the petitioners assert that they were working for the good of the estate, as much as Hester and her attorney were, Ala.Code 1975, §§ 43-2-680 and -682 allow the court discretion to decide what costs, commissions, and fees should be paid out of the estate. The trial court did not err in finding that Hester adequately performed her duties as administratrix or in allowing her attorney fees to be paid out of the estate’s assets.
AFFIRMED.
MADDOX, SHORES, ADAMS, HOUSTON and INGRAM, JJ., concur.

. King and Hester are Aycock's sisters. The petitioners are his nieces and nephews.

. Lovett actually held that the funds were entirely the decedent's property absent evidence of dona-tive intent, but the later cases have followed the language of § 35-4-7 and treated the joint signatories as tenants in common.