THIGPEN, Judge.
Ruthie M. Motley appeals from a judgment divesting her of total ownership of certain time deposit accounts. The case was transferred to this court from our Supreme Court, pursuant to Ala.Code 1975, § 12-2-7.
The record reveals the following: Willie Edward Lee died intestate in August 1994. At the time of his death, Lee owned four time deposit accounts at AmSouth Bank that were maintained in his name “or” the name of Ruthie M. Motley, his sister. Lee was also survived by two daughters, who resided in California. Terrill W. Sanders, as the administrator of Lee’s estate, filed a petition to marshal assets in the Probate Court of Jefferson County, requesting that that court determine the ownership of the time deposits and recover for the estate the funds from the time deposits that were in Motley’s possession. Motley answered the petition and, among other things, asserted that she and Lee had owned the time deposits as joint tenants with right of survivorship.
After ore tenus proceedings in May 1995, the trial court concluded that Lee’s estate and Motley each owned a one-half interest in the time deposits. In its order, the court stated, in pertinent part:
“... the Court finds that all four of the Certificates of Deposit ... were created after 1987 and are governed by Section 35-4-7 of the Code of Alabama, 1975 (Leonard v. Beverly, 563 So.2d 1026 [Ala.1990]). It is not stated in any of the four instruments creating the tenancy, if such tenancy is with right of survivorship and no other words are used therein showing any such intention. The Bank is not entitled to determine ownership of a joint account by establishing and publishing its policy from time to time; especially so, if this is by separate written document which may or may not be explained or delivered to the person purchasing the Certificate of Deposit. There is no evidence that Willie Edward Lee had any knowledge of the bank’s rules and regulations; he may or may not have received a copy of the bank’s policy, which was changed several times over the years. There is evidence that he could not read or write. There is no signature card or printed indication of joint right of survivorship on the Certificates of Deposits themselves, front or back.
“The parties’ intentions are to be determined by the document exclusively, without the benefit of extrinsic evidence, if the document is complete on its face. (Sims v. Peoples Bank & Trust Co., 519 So.2d 512 [Ala.1988]).”
The evidence in the record includes receipts indicating Lee “or” Motley’s ownership of the accounts. Additionally, a copy of the “AmSouth Time Deposit/Certificate of Deposit Agreement” (“Agreement”) contains the following language:
“By deposit of funds into a Time Deposit or Certificate, you agree to the following terms and conditions which are supplemented by the information and provisions on your Time Deposit Receipt(s) (“Re-eeipt(s)”) or Certificate. You also agree *264 that the Receipt or Certificate is a part of this Agreement between you and us.”
The Agreement further states:
“Right of Survivorship. If more than one payee is designated and listed, the deposit is owned by the parties as joint tenants with right of survivorship unless otherwise noted on the Time Deposit application. Upon the death of any designated payee, the balance will be owned by the survivors as joint tenants with right of survivorship, or if only one survivor remains, by that survivor individually, and we may make payment to such survivor(s).”
(Emphasis added.)
At trial, the parties stipulated that it was the bank’s usual and customary practice to give the customer a copy of the Agreement when a time deposit was purchased. There was also evidence presented indicating that Lee was illiterate. Motley testified that Lee was given “some long sheets of paper” when he opened the accounts and that he intended for her to receive the money at his death. Lonnie Chapman, a long-time friend of Lee also testified that Lee was angry at his daughters and that Lee had indicated that he wanted Motley to have the money. After Lee’s death, Motley withdrew the money from the accounts.
It is well settled that a presumption of correctness attaches to a trial court’s judgment based on ore tenus evidence and that such a judgment will not be disturbed unless it is clearly erroneous, manifestly unjust, or against the great weight of the evidence. Hart v. Jackson, 607 So.2d 161 (Ala.1992). We also note, however, that this presumption does not apply where the trial court has misapplied the law to the undisputed facts. Hart, 607 So.2d 161.
The survivorship issue in this case is governed by Ala.Code 1975, § 35-4-7, which states:
“When one joint tenant dies before the severance, his interest does not survive to the other joint tenants but descends and vests as if his interest had been severed and ascertained; provided, that in the event it is stated in the instrument creating such tenancy that such tenancy is with right of survivorship or other words used therein showing such intention, then, upon the death of one joint tenant, his interest shall pass to the surviving joint tenant or tenants according to the intent of such instrument. This shall include those instruments of conveyance in which the grantor conveys to himself and one or more other persons and in which instruments it clearly appears that the intent is to create such a survivorship between joint tenants as is herein contemplated.”
Motley contends that the time deposit receipts were not complete on their face and should have been read in conjunction with the Agreement to ascertain Lee’s intent regarding the accounts. She argues that the trial court erred by failing to consider the Agreement and the other extrinsic evidence regarding the question whether Lee intended to create a survivorship interest in her favor because, she says, the court erroneously concluded that the time deposit instruments were complete on their face and that they, therefore, created a joint tenancy without right of survivorship. We conclude that the receipts alone are not complete on their face and that the provisions of the Agreement and other extrinsic evidence should have been considered to determine the ownership interest.
Our Supreme Court has held that additional provisions accompanying an instrument can be considered to determine whether parties intended to create survivorship rights when the instrument itself does not clearly express such an intent. Saxon v. Pickett, 601 So.2d 955 (Ala.1992). In Saxon, our Supreme Court relied upon Lansford v. Gorham, 591 So.2d 63 (Ala.1991), to hold that the language regarding a bank’s rules and regulations located on a signature card sufficiently indicated an intention to create a joint tenancy with right of survivorship. That Court affirmed a probate court’s determination that certain additional provisions, along with other “corroborating evidence” presented, indicated that the decedent intended to create a joint tenancy with the right of sur-vivorship. Saxon, 601 So.2d at 956. The undisputed evidence presented at the ore tenus proceeding indicated that Lee intended for Motley — not his two daughters — to receive his money.
*265 Similarly, in the instant ease, we find that the time deposit renewal receipt explicitly states that “[additional deposits are subject to the terms and conditions of the contract governing the above referenced Time Deposit on the date of the deposit.” Furthermore, a review of the Agreement clearly discloses that “the deposit is owned by the parties as joint tenants with right of survivorship unless otherwise noted on the Time Deposit application.” It is also noteworthy, as indicated above, that the parties stipulated that it was the bank’s usual and customary practice to distribute an Agreement to a customer at the time the account was opened.
In yet another factually similar ease, our Supreme Court has clearly stated that where an ambiguity regarding the type or class of an account exists, a court looks “to the extrinsic evidence presented to determine the intent of the owners of the account.” Marshall v. Nelson, 622 So.2d 889, 892 (Ala.1993).
Based on the foregoing, the judgment of the trial court is reversed, and the cause is remanded for the trial court to consider the extrinsic evidence regarding the ownership of the time deposits and to enter a judgment consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P. J., and YATES and MONROE, JJ., concur.
CRAWLEY, J., dissents.