CRAWLEY, Judge,
dissenting.
Because I conclude that the majority opinion has misconstrued § 36-4-7, I must respectfully dissent from the majority’s opinion holding that the time deposit accounts were with a right of survivorship. It is undisputed that the time deposit account receipts did not have words of survivorship. I rely on our supreme court’s holding in Leonard v. Beverly, 563 So.2d 1026 (Ala.1990), and conclude that the account receipts are complete on their face and that the extrinsic evidence of the time deposit agreement and the intention of the parties is not admissible because it is irrelevant evidence. The Leonard court held that certificates of deposit in the name of the wife or husband were unambiguous and did not create a right of survivorship, and extrinsic evidence of the parties’ intent was not admissible. I cannot distinguish this case from the case presented in Leonard.
The majority relies on Marshall v. Nelson, ' 622 So.2d 889 (Ala.1993), to hold that the account receipts are ambiguous. In Marshall, the instrument creating the account included a designation of the type of account that was to be created. No specific designation was made on the instrument. The Marshall court held that “the failure to designate the type or class of account created an ambiguity in the instrument.” Id. at 892. This case is distinguishable from Marshall because the account receipts did not have a place to designate the type of account which was not completed. Therefore, the account receipts were complete on their face and unambiguous.
Our supreme court has interpreted § 35-4-7 and held that in order for an account to have a right of survivorship, the right must be “stated in the instrument creating” the account. Hart v. Jackson, 607 So,2d 161,163 (Ala.1992). In this case, the accounts receipts, just as the certificates of deposit in Leonard, are the instruments creating the accounts, and those instruments did not contain language creating a right of survivor-ship. Therefore, the trial court correctly concluded that the accounts were without a right of survivorship and that § 35-4-7 precludes the presentation of extrinsic evidence.