CRAWLEY, Judge,
dissenting.
Because I conclude that the trial court erred in entering summary judgment for the bank and for the Álens, I must respectfully dissent.
The trial court concluded that § 5-5A-41, Ala.Code 1975, shields the bank from liability for paying the proceeds of the two bank accounts to the Allens. Section 5-5A-41 states in pertinent part,
“(a) Any deposit heretofore or hereafter made in any bank in the names of two or more persons payable to any of such persons, upon the death of either of said persons, may be paid by the bank to the survivors jointly, irrespective of whether or not:
“(1) The form of the deposit or deposit contract contains any provision for surviv-orship. ...”
(Emphasis added.) I conclude that neither account was “in the name of two or more persons,” and, therefore, § 5-5A-41 does not apply in this ease.
The record contains the signature card contract for each account. On one account, under the heading “Account Name and Address,” “Margherita Johansen” and one post office box address is typed; on the other account, under the heading “Account Name and Address,” “Mae’s Fabric Mart” and one post office box address is typed. These are both accounts in the name of one person only. Therefore, § 5-5A-41 does not apply in this case.
The other issue before the trial court is whether the Allens jointly owned each account with rights of survivorship. Section 5-5A-41 does not determine the ownership of a bank account. Jones v. Jones, 423 So.2d 205 (Ala.1982). Rather, it is only determinative of a bank’s liability for dispersing account funds to a person named on the account after another person named on the account dies. Id. I would also reverse the trial court’s entry of summary judgment for the Allens and instruct the trial court to consider extrinsic evidence of Johansen’s intent as to whether she created each account as a joint account with a right of survivorship in the Allens.
' The majority states that the signature card contracts unambiguously create a joint tenancy with right of survivorship. The plaintiffs argue that the accounts are not “joint,” but rather were owned solely by Margherita Johansen, and that as solely owned accounts, there can be no survivorship rights as a matter of law.
I conclude that the signature card contracts create an ambiguity as to the ownership of the accounts. As stated before, the accounts were respectively in the names of “Margherita Johansen” and “Mae’s Fabric Mart.” The names of John R. Allen and Mary Jean Alen appear as authorized signatures on the accounts. Our supreme court has held that the addition of names to a signature card does not per se create a joint account. Knight v. Lott, 579 So.2d 1298 (Ala.1991). In the present case, by the heading “Ownership Desired,” “Joint-With Survivor-ship” was marked on both accounts. In Knight, no type of ownership was designated. The Washington Supreme Court held where an account was in one name but the ownership was marked as “Joint Tenancy With Right of Survivorship,” that the account was solely owned. In re Leinweber’s Estate, 62 Wash.2d 825, 384 P.2d 856 (1963).
I conclude that even though “Joint-With Survivorship” was marked on the accounts, the fact that the name of each account is in one name creates an ambiguity as to whether the accounts were jointly owned with right of survivorship as to the other signatories on the account or whether the accounts were solely owned by Margherita Johansen (the *193 record reveals that Margherita Johansen was the sole owner of “Mae’s Fabric Mart”).
Therefore, I would remand the cause to the trial court to hear parol evidence to determine whether the accounts were owned by the Allens as well as Margherita Johan-sen. If the accounts were owned by the Allens as well as Margherita Johansen, then the trial court must rule that the bank is not liable for dispersing the proceeds of the accounts to the Allens because the Allens are owners of the accounts, but not because the accounts were “in the name of two or more persons” pursuant to § 5-5A-41.