## HALL, Adm'r, v. THE HEIRS ÓF WILSON.

1. When a cause is transferred from the orphans' to the chancery court, the chancellor takes it in the condition in which he finds' it, applies to it the law applicable to the settlement in the orphans' court, but proceeds according to the practice of his own court.

2. Proceedings had before the judge of the orphans' court, are not void, because of his relationship to one of the parties, no objection having been made to his sitting on the case for that cause, and the transfer to the court of chancery being ordered by the judge himself.

3. When complainants claim as heirs at law, if their title is put in issue, no decree can be rendered but on proof of the fact. It does not vary the case that they commenced proceedings in the orphans' court, which was afterwards transferred to the chancery court, it not appearing from the record, that any such proof was there made. The fact that the orphans' court, upon the failure of the administrator to appear, stated an account against him in his absence, is not evidence of a waiver on his part to the proof being made.

4. An administrator who is guilty of wilful default, or gross negligence in the management of the estate, cannot be heard to complain that commissions have not been allowed him.

Error to the Chancery Court at Mobile. Before the Hon. A. Crenshaw, Chancellor.

THE bill was filed by the defendants in error, distributees of Peter Olson, subjects of the king of Sweden. That Peter Olson, took upon himself the name of Wilson, and settled in Baldwin county, where he died, and administration was granted upon his estate to one John Thompson, on the 3d September, 1839. That the estate was sold, and the account sales returned, amounting to $1,307 24. That among the notes received at the sale, was one by the plaintiff in error, for $1,133 62, payable to said administrator. That the debts of the deceased did not exceed $100, and have been paid. That Hall has since become the administrator on the estate. That they applied to the judge of the orphans' court for a settlement of said estate, and the said Hall failing to appear,

an account was stated by the judge of the orphans' court, charging him with $1,776 76, subject to a credit of $13 89, but before any further proceedings were had, the judge stated his consanguinity to the said Hall, and made an order that the cause be transferred to the court of chancery. The prayer of the bill is, for a decree for the amount in the hands of the administrator. The proceedings in the orphans' court are embodied in the record.

The defendant by his answer, admits substantially the execution of the note charged in the bill, but denies that he was not willing to account in the orphans' court, and insists he was always ready to account, and to show that he was not indebted to the estate.

The chancellor determined, that the proceedings in the orphans' court were conclusive on the defendant, being substantially regular, so far as that court had acted in the matter, and directed that the defendant pay the amount found due into the hands of the register, for distribution.

This decree is now assigned as error.

TAYLOR, for plaintiff in error.

1. All the acts of the orphans' court are void, the judge being related to the defendant. Acts 1843-4, p. 56. The word *may* in this statute, is construed to mean *shall;* otherwise the law would be of no effect, as a dishonest judge would always use his discretion to defeat the statute. The defendant's appearance afterwards could not give the court jurisdiction. 7 Porter, 37; 8 Porter, 552. This is not a privilege in either of the parties, but the want of authority exists in the court and cannot be waived.

2. The chanceller should have commenced in this case from the beginning, and not from where the orphans' court left off; for if the county court could state the account against the administrator, report, and pass upon the same, so as forever to exclude him from any defence, (as the chancellor declares,) why has he not power also to make the final order, now made by the chancellor? The latter is not of as great importance to the final termination of the case as the former, as it now stands. 9 Con. Rep. 502.

3. The proceeding of the orphans' court is void for want of parties. 4 Por. 332.

4. The order of the orphans' court making the complainants parties, without any proof, and in the absence of the administrator, and without any notice to him of their application, is void, and they derived no right by virtue of that order, to litigate, either in the orphans' or chancery court. And the chancellor erred in rendering a final decree in their favor, without other evidence of their right. Wilson and wife v. May, 8 Ala. 177.

5. The chancellor erred in rendering a decree in this case without the original papers from the orphans' court. Acts 1843-4, p. 56. The court had no cause before it until this was done; it could form no knowledge of the legal sufficiency of the notices, citations, &c. (all of which was denied by defendant,) without inspection of the same. The papers were indispensable unless the court took jurisdiction of the case as an original bill, disconnected from the proceedings in the orphans' court; and if this view is taken, then it was necessary to prove all the allegations of the bill anew, which was not done.

6. The administrator has a right, at any time before a final decree, to come in and contest the accounts stated against him, and file his own accounts for settlement. Clay's Dig. 230, § 48, proviso. This was done by the defendant in full time, as appears from the transcript of proceedings in the orphans' court, which put an end to the accounts previously stated, and the chancellor should have advertised and proceeded anew, according to law, to final settlement of the accounts and vouchers filed by the administrator, disregarding the account formerly stated.

7. The decree of the chancellor for a consolidated amount in favor of all the complainants jointly is error. A decree should have been entered in favor of each one for the separate distributive share, and the decree cannot be amended in the supreme court, but must be reversed and remanded.— Woodruff v. State Bank, 4 Ala. 292; Davis v. Davis, 6 Ala. 611. In a cause transferred from the orphans' court, the chancery court cannot resort to its original chancery powers, but can

Hall, adm'r, v. The Heirs of Wilson.

render only such a decree as the orphans' could have rendered.

8. The administrator is not allowed any compensation.— Powell v. Powell, 10 Ala. 900.

PHILLIPS, contra.

1. The decree of the orphans' court of 19th April is final as to the administrator. Clay's Dig. 230, § 48. And the forty days notice is for the benefit of creditors and others, but does not open the judgment as to the administrator. Davis v. Davis, 6 Ala. R. 614. It is the duty of the administrator to file on oath a list of the names of the heirs or distributees; this he failed to do. Clay's Dig. 249, § 43.

2. But the record shows distinctly who the parties are. See the case of Davis already cited, and McRae v. Pegues, 4 Ala. Rep. 158; Graham v. Abercrombie, 8 Ib. 552; Parks v. Stonum, 8 Ib. 755; Petty v. Wafford, 11 Ib. 145.

On these authorities, finding nothing in the answer responsive to the bill, and no evidence offered to impeach the proceedings, and no matter set up in the answer which would be a defence to the note, the court decreed, that within sixty days, the defendant, Hall, should pay into the hands of the register for the purpose of distribution among the complainants, the sum of $1,762 87. The cases referred to on appellant's brief, where the judgment was held irregular because it did not set out each legatee's portion, are cases which arise out of the words of the statute, and do not apply to the decree by the chancellor. It may well be questioned, whether, if error, it is not such a one as would be amendable in this court. Petty v. Wafford, 11 Ala. R. 145.

CHILTON, J.—1. By the act of 1843-4, (see acts, p. 56,) it is made the duty of the judge of the orphans' court when he is interested as a party, or as counsel, or related to the litigants to transmit the papers with a transcript of the record to the chancery court, &c. When the cause is thus transferred, the chancellor takes it in the condition in which he finds it—applies to it the law applicable to settlements in the orphans' court, but proceeds according to the practice of his

own court. Taliaferro v. Brown, 11 Ala. Rep. 702. So that it was not necessary for the chancellor, as contended by the counsel for the plaintiff in error, to have gone back to the commencement of the case in the orphans' court, disregarding what had been done previous to the transfer.

2. Neither can we regard the proceeding as void because of the relationship of the judge to one of the parties. The parties appeared before him, and made no objection to his sitting upon the case, and must be regarded as consenting to his competency to act. It seems that the judge in this case, on his own motion, ordered the cause to the chancery court. No objection whatever was taken upon this ground. The scarcity of judicial decisions upon the question of incompetency from relationship, is evidence of the delicacy which judges feel in sitting in any case where there can be the *possibility* of doubt as to the existence of any bias. Becquit v. Lempriere, 1 Knapp's Rep. 376. Such was the prudent jealousy of our ancestors, in ancient times, that by positive enactment (4 Edw. 3, c. 2; 8 Rich. 2, c. 2,) judges could not then hold court in the county in which they were born, or which they inhabited. These statutes were however repealed, when the liberal confidence of a more enlightened age obtained. 12 Geo. 2, c. 2; 49 Geo. 3, c. 91; see also, 3 Chit. Genl. Pr. 9. But it is manifest the spirit of our statutes merely require the mind of the court to be free from all imputation of bias, from such consideration, and too great caution cannot be observed by the judges upon a question so delicate. 3 Chit. Pr. 9, note L.·

3. Upon the subject of the interest of the parties, complainants, we think the decree of the chancellor is wholly indefensible. It is true, the administrator himself is required, when he files his accounts and vouchers for final settlement, to specify the heirs and legatees, &c., on oath, and this the plaintiff in error failed to do; (Dig. 129 § 43;) but he had the right upon the final settlement, to object that the persons claiming to be the heirs, had not propounded their interest to the court, and to require them to do so by filing an exceptive allegation. Watson and wife v. May, 8 Ala. Rep. 177. There is not a particle of evidence to show, that the complainants in the bill are the heirs of Peter Wilson, deceased. The orphans'

court minutes merely recite, "that they petitioned by their attorneys to be made *heirs* to the settlement of the estate," and it was ordered that their petition be filed, and that said petitioners be permitted to appear as parties to the said settlement.   The petition is not shown in the record, nor is it even shown that it was verified by affidavit.   The record does not disclose that there was any evidence submitted of the fact before the judge of the orphans' court, and as their interest is directly put in issue by the bill and answer, we think it incumbent on the complainants below to have proved their right to the property as the heirs of the intestate.

It is contended however, that the plaintiff in error waived such proof, by permitting the orphans' court to render a final decree allowing the account against him, by his default.   We do not consider that the decree spoken of was final, as respects the interest of the respective distributees.   It appears that the court having failed, after repeated efforts, to procure the attendance of the administrator, proceeded to state an account according to the act of 1843, (Dig. 230, § 48,) charging the plaintiff in error with the sum of $1,776 76, and crediting him with judge's and clerk's fees, $13 89, and it was then ordered, that a citation issue, requiring the administrator to appear at the next term, and file his accounts and vouchers, or "the account so stated would be reported for allowance, and settled as required by law," &c.   At the February term, 1845, the complainants were allowed to be made parties, in the absence of the administrator, and without notice to him, upon the petition of their attorney, an *alias* citation was ordered to issue to the administrator to file his accounts, &c.; no citation appears in the record, but at the April term, 1845, the administrator (as the order recites,) having been cited to file his accounts, &c., and having failed to do so, it was ordered and decreed by the court, that the account thus stated by the judge, and on file in the court, be reported for allowance by the court on the third Saturday of June next thereafter, and publication for forty days was ordered to be made in the Gazette, for all persons interested to come forward and contest the same.   The cause having been continued until the July term, '45 of the orphans' court, the complainants in the bill, "claiming to be the heirs of Peter

Wilson, deceased, and distributees of his estate, came by attorney, and the administrator by his attorney, and the said heirs moved the court to decree the allowance of the account heretofore stated by the court; the administrator objected to the motion, that the whole proceeding was irregular, and should be vacated, and moved to be dismissed with his cost; "because, 1st, for irregularities upon the record ; 2d, that no assets had come to his hands as administrator of said estate; and, 3d, that no judgment can, or ought to be rendered against him because there was no one properly before the court in whose favor judgment could be rendered, and that the parties heretofore admitted, and claiming to be the heirs of said Wilson, are not his heirs, and are not in anywise interested in litigating the final settlement."

The complainants in the bill demurred to this allegation of the administrator, which demurrer was sustained, and the administrator then filed his affidavit, stating that no assets whatever had come to his hands as administrator of said estate, and consequently he had no account to file. That he had paid an account of Druislla Thompson for $90, which he attached, and $13 89, as per the order of the court, and he prayed the court to set aside the proceedings stating the account, &c. This motion was resisted on several grounds, and the judge, without deciding upon it, transferred the cause to the chancery court.

Now it is most obvious, there was no final decree in the orphans' court, nor any allowance of the account stated by the court, and *reported to be allowed on final settlement.* The defendants in error *moved* for its allowance to them, as heirs and distributees, and pending this motion, the jurisdiction of the chancery court attached by reason of the transfer. The account stated by the court was open to exception, upon the final settlement, in the same manner that the report of a master in chancery is ; (Douthitt v. Douthitt, 1 Ala. R. 594; Parks v. Stonum, 8 Ib. 756:) and although we regard the showing made by the administrator, who had obstinately stood out in contempt of the authority of the court, and refused not only to file his accounts and vouchers when required, but also to show cause, when cited, against reporting this

account for allowance, as wholly insufficient to open the account, yet the orphans' court, in rendering the final decree, must have such evidence before it as to the persons entitled to distribution, as will enable that court to comply with the statute, which enacts, "the county courts, on final settlements of executors, administrators and guardians, shall assess, and insert in their decree, the amount of their [the heirs or devisees share." Dig. 305, § 44. If the administrator had appeared, and raised no objection in the court below to the claims of the defendants in error, and a final decree had been made, he could not be allowed, for the first time, to make the question here. But he did object in the orphans' court, and re-asserts his objections in chancery, and as the chancellor must adopt the rules of law in his decree which are applicable to the final settlement and decree in the orphans' court, (Taliaferro v. Brown, *supra*,) it follows he should have required evidence of the right of complainants below to distribution, and should in the final decree have adjudged to each his appropriate share. Allowing, that in a proper case, the decree which omits to partition the fund could be amended in this court, it cannot be done where the record, as in the case before us, furnishes no *data* upon which to predicate an amendment.

4. The objection that the administrator was allowed nothing by way of commissions, cannot be allowed to prevail. True, it is the constant practice to allow reasonable compensation to executors and administrators, but the court may, and should, refuse compensation where they are guilty of wilful default, or gross negligence, in the management of the estate, which occasions loss to the parties entitled to it. Powell et al. v. Powell, 10 Ala. Rep. 900. Besides, the plaintiff in error, by his default, submitted that the judge of the orphans' court should state the amount which he, in violation of duty, and in contempt of the mandate of the court, refused to furnish. As he has taken the chances for an account too favorable to himself, he should not, in the absence of all intervening equitable consideration, be allowed afterwards to

say it was not favorable enough, and thus speculate upon the chances.

The chancellor very properly refused to open the account, but for the error we have noticed, the decree is reversed, and the cause remanded.