PURDOM & McBROOM, Adm'rs. vs. McBROOM.

1. When the settlement of an insolvent estate is pending in the Chan-cery Court, and a final decree has been rendered in favor of the creditors against the administrators, and a balance is found in the hands of the administrators after satisfying all claims against the estate, a distributee of the estate may profound his interest to the court by petition, praying to be made a party to the cause, and for a decree against the administrators in his favor, for his distributive share of the balance in their hands to be distributed.

Purdom & McBroom, adm'rs, v. McBroom.

2. But it is erroneous to render a final decree, in such a case, in favor of a distributee, against the administrators, without giving them notice of the filing of the petition, and thus allowing them an opportunity to contest the petitioner's claim.

ERROR to the Chancery Court of Madison. Tried before the Hon. D. G. Ligon.

On the 5th of June, 1850, Stephen McBroom filed his petition in the Chancery Court of Madison, in which he alleged that a cause entitled "In Re, estate of Wm. McBroom, deceased," had been transferred to said court from the Orphans' Court of said county ; that a final decree had been rendered in said cause, in favor of certain creditors of said estate, against the administrators ; that by the master's report made in said cause, a large balance was found remaining in the hands of the administrators, after satisfying all claims against said estate ; and that the petitioner was one of the heirs at law of the deceased. The petition prayed a reference to the master, to ascertain who were the heirs at law of the deceased, and the amount to which each one would be entitled of the fund remaining in the hands of the administrators to be distributed, and for a decree against said administrators for petitioner's distributive share.

On the same day the petition was referred to the master, who made his report on the next day, in favor of the petitioner, as one of the heirs at law of the deceased.

The report was forthwith confirmed, and a final decree rendered against the administrators, for the petitioner's distributive share of the surplus of said estate, in said administrators' hands to be distributed, as ascertained by the master's report.

The administrators were not notified of the filing of the petition, or of the subsequent proceedings, and they have now sued out a writ of error to reverse the decree rendered against them.

C. C. & J. W. CLAY, for plaintiffs in error :

In Cheny & Bell vs. Belcher, 5 Stew. & Por. 133, it is decided that, on a bill to compel distribution, although final settlement has been made by the Orphans' Court, the administrator is not precluded from showing (1) a mistake in the settlement,

(2) payments subsequent to settlement, or (3) any other matter which, in equity and good conscience, should be admitted as a defence.

In Blackwell's Ex'rs. v. Meneese, 5 Stew. & Por. 397, the court, after reciting the proceedings on the final settlement of the estate, remark, "unless the *nunc pro tunc* judgment, which is here sought to be reversed, can be attached as a sequel to the above recited proceeding, there is nothing to sustain it whatever." In the case at bar, the decree was not *nunc pro tunc*, but a proceeding entirely separate, and apart from the final settlement. The necessity of citation, and its service, is shown by Welch's Adm'r. v. Walker & Wife, 4 Por. 121.

Previous to a final decree upon a bill filed to compel a distitution of an estate, all the distributees should be made parties, or reason shown why the same cannot be done.—Draughon v. French's Adm'r, 4 Por. 368.

On the final settlement of an estate, all the necessary parties must be before the court, otherwise there is " a total absence of jurisdiction in the court to render any decree whatever."—Boyett et al. v. Kerr, 7 Ala. 15.

No counsel for defendant.

DARGAN, C. J.—When a cause involving the administration of an estate is transferred from the Orphans' Court to the Court of Chancery, the chancellor receives it as a cause pending in his court, in the condition in which he finds it. In his subsequent proceedings, however, he is governed by the practice of his own court, but applies the same rules of law to the case, that would govern it if the cause had continued in the Orphans' Court.—Hall v. Wilson, 14 Ala. 295 ; Taliaferro v. Brown, 11 Ala. 702. The cause is pending in the Chancery Court from the time when it is received ; but from that time forward, the practice which should govern it to a conclusion should conform, as near as can be, to those rules that would govern if the suit had been regularly commenced by bill.

But what has been done in the Orphans' Court, if in accordance with law and the practice of that court, is regularly done, and the decree cannot be reversed because the proceedings of the Orphans' Court do not conform to the practice of a Court of Chancery.

Purdom & McBroom, adm'rs, v. McBroom.

I have said this much to show the propriety of allowing the petitioner the relief which he seeks by petition, instead of compelling him to file a bill. For if the cause had been regularly commenced in the Court of Chancery, the petitioner would have been a proper, if not a necessary party, and being a proper party, we should presume he would have been made a defendant to the bill, and therefore might have obtained by petition any surplus to which he might have been entitled under the decree.

But I know of no case where one should be decreed to pay money to another upon a petition, without giving him notice of the petition, and allowing him an opportunity to contest it; and in the case before us, we think it clear, that no decree should have been rendered against the administrators, until they had been notified of the petition, and thus an opportunity had been given them to controvert the petitioner's claim; for in the administration of insolvent estates, (which this appears to be) the distributees are not necessary parties to the settlement in the Orphans' Court, and when the settlement of such an estate is transferred to the Court of Chancery, the cause proceeds between the creditors and the administrator, without even bringing to the notice of the court the names of the distributees. They are strangers to the record, and should not be allowed to interpose by petition and claim under the decree, without giving the party notice who is to respond to their claim. This view shows that the decree of the chancellor is erroneous.

The petition was filed on the 5th day of June, 1850; on the 6th an order of reference was made upon it, and at the same time a final decree was rendered in conformity with the prayer of the petition; but the administrators had no notice of this proceeding, nor any opportunity to controvert the petitioner's right, or to deny their liability to his demand. No principle will justify such proceedings, and the decree must be reversed, and the cause remanded.