THIGPEN, Judge.
This case arises from an automobile accident. Don L. Pugh and Lesley Catherine Pugh filed a complaint against Randy Joel Bouler demanding judgment in the amount of $15,000 and costs and requested a jury trial. Bouler answered and counterclaimed and the case was tried before a jury. At the close of the evidence, the trial court rendered a directed verdict for the Pughs on Bouler’s counterclaim. The jury verdict was for the Pughs in an aggregate sum of $5,000. After entry of the judgment, Bouler filed a motion for a new trial, citing as. grounds therefor, inter alia, that the trial court erred in not instructing the jury as to improper passing; that certain defense witnesses did not appear; and that the trial court’s instruction of contributory negligence was vague, confusing, and misleading. That motion was denied; hence, this appeal.
Bouler’s assertion that two witnesses subpoenaed by him failed to appear is not argued in his brief. This issue was not brought to the trial court’s attention during trial by way of objection. Accordingly, Bouler may not now raise that issue on appeal for the first time. Smiths Water Authority v. City of Phenix City, 436 So.2d 827 (Ala.1983); Dennis v. Scarborough, 372 So.2d 357 (Ala.Civ.App.1979).
The next two assertions of error are 1) the failure of the trial court to instruct on “improper passing”, and 2) the allegation that the trial court’s instruction on contributory negligence was vague, confusing, and misleading. The record in this case reveals that after the trial court’s oral charge, the following colloquy occurred:
THE COURT: “Exceptions or objections by the plaintiff?”
MR. WILLIAMS: “None.”
THE COURT: “By the defendant?”
MR. TUCKER: “If there is a Rule of the Road involving improper passing or proper passing, I would object. It wasn’t given.”
THE COURT: “The court notes his exceptions. I couldn’t find one.”
Rule 51 of the Alabama Rules of Civil Procedure provides that
“At the close of the evidence or at such earlier time during the trial as the *869 court reasonably directs, any party may file ... written requests that the court instruct the jury on the law as set forth in the requests_ No party may assign as error the giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds for his objection.” (Emphasis added.)
Bouler made no objection to the trial court’s oral charge on contributory negligence. Moreover, an objection to the failure of the trial court to charge on a particular subject must be by way of a requested written charge. Rule 51, A.R.Civ.P.; Skipper v. Alabama Farm Bureau Mutual Casualty Insurance Company, 460 So.2d 1270 (Ala.1984); see also City of Birmingham v. Wright, 379 So.2d 1264 (Ala.1980). Here, as in Skipper, supra, the alleged error was not properly preserved for our review due to Bouler’s failure to object and state the grounds of his objections and to submit requested written instructions to be given on the subject of “improper passing” and/or contributory negligence.
Accordingly, the judgment of the trial court is due to be and is héreby affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J„ concur.