YATES, Judge.
Kenneth Pinkerton, in his capacity as heir and joint administrator of the estate of Trixie Mae Alexander, deceased, sued Lee Alexander to determine the ownership of certain property in Lee’s possession. Pinkerton alleged that Lee had exerted control over certain property that belonged to the estate. Following a jury trial, the court entered a judgment in favor of Lee. Pinkerton appeals, contending that the trial court erred in denying his motion for a directed verdict and that the trial court’s refusal to give his proposed jury charge constitutes reversible error. This case was transferred to this court by the Supreme Court, pursuant to § 12-2-7(6), Ala.Code 1975.
Before her death, Trixie Mae Alexander delivered to her son, Lee, on three different occasions, checks totaling approximately $47,000 and made payable to “Mae Alexander or Lee Alexander,” instructing him to deposit the checks into a bank account carrying both of their names. Lee deposited each check into the Bank of Prattville and was issued certificates of deposits in the name of “Mae Alexander or Lee Alexander.” The certificates contained language that made Mae and Lee owners as joint tenants with right of survivorship. Lee testified that the checks were not a gift to him from his mother, but that his mother wanted him to have the money upon her death. Pinkerton argued at trial that because Mrs. Alexander intended no gift at the time she gave the checks to her son, the money should be returned to her estate. At the close of the evidence, Pinkerton moved for a directed verdict, which the trial court denied.
Pinkerton argues that Lee failed to present substantial evidence from which a jmy could find that Lee had a valid claim to the money and that the trial court erred in denying his motion for a directed verdict as to that issue.
It is well settled that “ ‘a motion for a directed verdict must be made at the close of all the evidence and that a timely post-trial motion for judgment notwithstanding the verdict must be subsequently made before an appellate court may consider on appeal the insufficiency-of-evidenee issue directed to the jury’s verdict.’ ” Sears, Roebuck & Co. v. Harris, 630 So.2d 1018, 1025 (Ala.1993) (quoting Bains v. Jameson, 507 So.2d 504, 505 (Ala.1987)), cert. denied, — U.S. -, 114 S.Ct. 2135, 128 L.Ed.2d 865 (1994). For a full discussion of this requirement, see Great Atlantic & Pacific Tea Co. v. Sealy, 374 So.2d 877, 880-82 (Ala.1979). Pinkerton did not move for a judgment notwithstanding the verdict; therefore, this court cannot review his argument regarding the sufficiency of the evidence.
Pinkerton next argues that the trial court committed reversible error in refusing to allow his proposed jury charge concerning the law of gifts and that the trial court’s instruction on undue influence was misleading. During the charge conference, Pinkerton’s counsel requested that the court charge the jury on the law of gifts and referred the trial court to instruction 39.04 of the Alabama Pattern Jury Instructions: Civil. Pinkerton submitted no written requested jury charges to the court. The trial court refused Pinkerton’s requested charge on the law of gifts and instructed the jury on undue influence. After the trial court instructed the jury, Pinkerton’s counsel made the following objection:
“Judge we have one objection with regard to the money. We would offer and suggest the gift analysis and a jury charge in substance like this, regarding the money Mr. Alexander received from deceased Mrs. Al *323 exander, must determine if the money belongs to Mr. Alexander or the estate. If Mr. Alexander contends that the money was a gift — Excuse me, let me backtrack. Mr. Alexander contends the money was a gift. In order to prove the money was a gift, Mr. Alexander must show — and they have set out the elements of what a gift is as shown by the pattern jury instructions. We felt that would be an appropriate instruction for this case.”
Rule 51, Ala.R.Civ.P., provides in part:
“No party may assign as error the giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection.... Additional instructions shall be submitted in writing, except that with respect to any additional instruction taken from Alabama Pattern Jury Instructions, it shall be sufficient to identify said instruction on the record by reference to the number and title of said pattern jury instruction.”
In order to preserve for appellate review an objection to the trial court’s failure to charge the jury on a particular subject, the trial court must be presented with a requested written charge on that particular subject. Bouler v. Pugh, 591 So.2d 868, 869 (Ala.Civ.App.1991). However, where the additional requested charges are taken from the Alabama Pattern Jury Instructions it is sufficient to identify that charge on the record by reference to its number and title. Rule 51, Ala.R.Civ.P. Although Pinkerton did not object to the trial court’s failure to charge the jury on gifts by offering a written requested charge, he did request a charge that was from the Alabama Pattern Jury Instructions and he sufficiently referred to its number and title on the record during the charge conference; Pinkerton, therefore, properly preserved for review the trial court’s failure to give his requested jury instruction on gifts. Although Pinkerton contends that the trial court’s instruction on undue influence was misleading, he did not object to that instruction at trial; therefore, he failed to properly preserve that issue for appeal. Bouler, supra; Rule 51, Ala.R.Civ.P.
Pinkerton argues that the certificates of deposit do not evidence an intention on behalf of Mrs. Alexander to create a joint account with a right of survivorship on the part of Lee, because, he says, she was a stranger to the instruments creating the sur-vivorship right and, therefore, the instruments are invalid and do not grant Lee a survivorship right as to his mother’s funds; thus, Pinkerton argues, the only valid claim Lee would have had to the funds would have arisen if his mother had made a valid inter vivos gift to him. He contends that the trial court’s charge on undue influence and its refusal to charge on the law of gifts required the jury to presume a valid lifetime transfer and that that charge was, therefore, error.
Ownership of joint bank accounts is governed by Ala.Code 1975, § 35-4-7, which provides in part:
“When one joint tenant dies before the severance, his interest does not survive to the other joint tenants but descends and vests as if his interest had been severed and ascertained; provided, that in the event it is stated in the instrument creating such tenancy that such tenancy is with right of survivorship or other words used therein showing such intention, then, upon the death of one joint tenant, his interest shall pass to the surviving joint tenant or tenants according to the intent of such instrument.”
The intentions of the parties are to be determined exclusively by the document, without the benefit of extrinsic evidence, if the document is complete on its face. Martin v. Hester, 628 So.2d 434 (Ala.1993). The certificates in question name “Mae Alexander or Lee Alexander” as depositors and contain the following language: “If more than one of you are named above, you will own this certificate as joint tenants with right of survivorship (and not as tenants in common).” The certificates are complete on their face, as they name both Mae Alexander and Lee Alexander as owners and contain language explicitly stating that ownership of the funds is as joint tenants with right of survivorship. The in *324 struments are, therefore, valid under § 35-4-7, as they evidence a clear intention that ownership be as joint tenants with right of survivorship. See Martin, supra, at 435-36. The fact that these instruments are valid under § 35-4-7 and grant Lee a survivorship right to the funds, coupled with the fact that he admitted during his testimony that the funds were not an outright gift to him from his mother, but that his mother only had given him the funds to place in a joint account in both of their names, meant that whether his mother had made a gift was not an issue in this case. The only issue was whether Lee had exerted undue influence on his mother in order to obtain the funds; therefore, the trial court committed no error in instructing the jury on undue influence and in refusing to instruct them on the law of gifts.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, MONROE, and CRAWLEY, JJ., concur.