MONROE, Judge.
Helen Virginia Murphy appeals, contending that the trial court erred when it denied her motion for a judgment as a matter of law. We agree.
Danny E. Murphy (“Danny”) was the son of Helen Virginia Murphy (“Virginia” or “mother”) and the father of Victoria Ann Murphy (“Victoria” or “daughter”). Danny was an alcoholic.and was unable to work because of health problems related to his alcoholism. He received monthly dis *462 ability benefits. He lived with his mother for the last 10 to 15 years of his life. Danny’s daughter, Victoria, lived in Illinois and visited Danny once or twice a year.
In September 1990, Danny opened a joint checking account with his mother. This joint account whs with a right of survivorship. In April 1991, Danny opened a joint savings account with his mother. This joint account was without a right of survivorship. In May 1992, Danny executed a will naming Victoria, his daughter, as the executrix of his estate. In June 1996, Danny opened a joint savings account with his daughter. This joint account was with a right of survivorship.
In September 1996, Danny died, and his daughter came to Alabama for his funeral. She was given a copy of the will, and she began to gather information necessary to take care of her father’s estate. The daughter was the beneficiary of two life insurance policies, and the proceeds from these policies totalled between $15,000 and $17,000. Before the daughter returned to Illinois, she withdrew $7,351.46, the balance of the joint savings account (with right of survivorship) listed under the names of Danny and his daughter.
Shortly after Danny’s death, Virginia, his mother, withdrew $12,376.34 from the joint checking account, with right of sur-vivorship, listed under the names of Danny and Virginia, leaving a balance of $139.18 in this account. At the same time, the mother also withdrew the balance of $5,292.13 from the joint savings account, without right of survivorship, listed under the names of Danny and Virginia. Danny’s daughter, Victoria, in her capacity as the executrix of Danny’s estate, sought to have Virginia, his mother, return to Danny’s estate the funds that Virginia had withdrawn from these two accounts.
This matter was removed from the probate court to the circuit court and the circuit court conducted a jury trial. Virginia, the mother, moved for a judgment as a matter of law, which was denied, and the case was submitted to the jury. The jury returned a verdict finding that the estate was entitled to $6,188.17 from Virginia, the mother (as funds taken by the mother from the joint checking account, with right of survivorship, listed under the names of Danny and his mother) and that the estate was entitled to $5,292.13 from Virginia, the mother (as funds taken by the mother from the joint savings account, without right of survivorship, listed under the names of Danny and his mother). The verdict found that Virginia, the mother, was entitled to $6,188.17 from the joint checking account, with right of survivor-ship, listed under the names of Danny and his mother. The circuit court entered a judgment on the jury’s verdict. Virginia, the mother, moved for a judgment notwithstanding the verdict. The court denied the motion, and Virginia appealed.
“Ownership of joint bank accounts is governed by Ala.Code 1975, § 35-4-7.” Pinkerton v. Alexander, 676 So.2d 321, 323 (Ala.Civ.App.1995). Section 35-4-7 states, in part:
“When one joint tenant dies before .the severance, his interest does not survive to the other joint tenants but descends and vests as if his interest had been severed and ascertained; provided, that in the event it is stated in the instrument creating such tenancy that such tenancy is with right of survivor-ship or other words used therein showing such intention, then, upon the death of one joint tenant, his interest shall pass to the surviving joint tenant or tenants according to the intent of such instrument.”
Thus, under the statute, if one holding an account jointly with another, and with right of survivorship, dies, the funds in the joint account will pass to the surviving joint holder (in this case to the mother); but if the account is held jointly, but without right of survivorship, the funds in the joint account will be divided between the deceased’s estate and the surviving joint holder (in this case, one-half to the estate *463 and one-half to the mother). See Sims v. Peoples Bank & Trust Co., 519 So.2d 512 (Ala.1988); and Briscoe v. Latta, 471 So.2d 405 (Ala.1985).
“The intentions of the parties are to be determined exclusively by the document, without the benefit of extrinsic evidence, if the document is complete on its face.” Pinkerton, 676 So.2d at 323.
In the present case, when the joint checking account (in the name of Danny and his mother), with right of survivorship, was opened in September 1990, the form contained an ownership designation reading: “JOINT WITH SURVIVORSHIP (and not as tenants in common).” That designation was clearly cheeked. When the joint savings account (also in the names of Danny and his mother), without right of survivorship, was opened in April 1991, the form contained an ownership designation reading: “JOINT NO SUR-VIVORSHIP (as tenants in common).” That designation was clearly checked. The “OWNERSHIP OF ACCOUNT” section on the reverse side of both forms stated, in part:
“Joint Account — With Survivorship (And Not As Tenants In Common)— Such an account is issued in the name of two or more persons. Each of you intend that upon your death the balance in the account (subject to any previous pledge to which we have consented) will belong to the survivor(s). If two or more of you survive, you will own the balance in the account as joint tenants .with survivorship and not as tenants in common. Joint Account — No Surviv-orship (As Tenants In Common)— Such an account is, issued to two or more persons, but none of you intend (merely by opening this account) to create any right of survivorship in any other person.”
The bank employee who opened both of these accounts testified that when an account was opened with more than one person listed on the account, she would discuss with the person opening the account whether the account was to be a joint account “with survivorship” or a joint account “without survivorship” and what each term meant.
The forms used to open both accounts— the joint checking account with right of survivorship and the joint savings account without right of survivorship — listed the account owners as “Danny E. Murphy or Virginia Murphy.” Each of these forms was complete on its face and complied with § 35^1-7. Danny clearly chose to have the joint checking account to be an account with right of survivorship and to have the joint savings account to be an account without right of survivorship. No extrinsic evidence of his intent could be considered. Pinkerton, 676 So.2d 321.
The circuit court erred when it denied Virginia’s motion for a judgment as a matter of law. She was entitled to a judgment awarding her the full amount of the funds in the joint checking account with right of survivorship,' and awarding her one-half the funds in the joint savings account, without right of survivorship. The circuit court’s-judgment is reversed and the cause is remanded for an order or proceedings consistent with this opinion.
REVERSED AND REMANDED.
YATES, CRAWLEY, and THOMPSON, JJ., concur.
ROBERTSON, P.J., concurs in the result.