SEE, Justice.
Gene Farley, the surviving spouse of Dotty White Huskey, appeals the circuit court’s order giving the executors of Hus-key’s estate unlimited access to a bank account at Pinnacle Bank, which he alleges was an account held jointly by him and Dotty White Huskey. Farley contends that this account belongs to him, at least in part, and that the circuit court erred in holding otherwise. We disagree.

Facts and Procedural History

After Dotty White Huskey’s death in 2005, the Probate Court of Winston County ordered “all assets of the deceased and any assets owned jointly by the deceased and Gene Farley ... frozen.” Upon Farley’s motion to dissolve the order freezing Huskey’s assets, the probate court dissolved the order as to “the two accounts with Community Bank,” but it did not dissolve the order as to the account with Pinnacle Bank, which the probate court described as “a joint account in the name of the deceased, Dotty White Huskey and Gene Farley.” The probate court then held a hearing and, in an order issued on May 23, 2006, made the following findings:
“[BJased upon the pleadings of record, the testimony, and other evidence presented at the hearing, arguments of counsel, and all other matters brought before the Court ... [cjertain repairs have become necessary for the proper upkeep and preservation of Estate properties [and] sufficient funds belonging to the decedent are available and due to be released from the Pinnacle Bank account for payment of Estate administration costs.... ”
The probate court stated that the executors, Huskey’s children, presented evidence indicating that the Pinnacle Bank account was not a survivorship account and that Farley presented no evidence to the contrary.[1]
On June 23, 2006, upon Farley’s petition, the administration of Huskey’s estate was *395 removed to the Winston Circuit Court pursuant to § 12-11-41, Ala.Code 1975.[2] On September 22, 2006, Farley moved the circuit court to set aside the May 23, 2006, order of the probate court that authorized the use of the Pinnacle Bank account for payment of the administration costs of the estate, and Farley also maintained that he “neither agree[d] nor concede[d] that the said May 23, 2006, order of the Probate Judge ‘awards’ funds or declares ownership rights in the Pinnacle Bank funds to the deceased.” Around that same time, Pinnacle Bank asked the circuit court to clarify the probate court’s May 23, 2006, order. In response to Farley’s motion and Pinnacle Bank’s request, the circuit court explained that the funds in the Pinnacle Bank account were “not held under any survivorship arrangement and, were instead assets of the estate.” In so concluding, the circuit court reasoned that, “from its findings, the probate court determined that the subject Pinnacle Bank funds were not held under any survivorship agreement and, were instead assets of the estate; otherwise said funds would not have been ‘available ... for payment of Estate administration costs.’ ” “Based upon the pleadings of record and the ... findings of the Probate Court in proceedings below,” the circuit court ordered Pinnacle Bank to make those funds available to the executors.
In response, Farley filed a “Motion to Correct Order,” asking the circuit court to “enter an order deleting the portion of said order that states the Probate Court made a determination that the Pinnacle [Bank] Funds belonged to the Estate” because, he stated, “no determination has been made by any judge or court ‘that certain Pinnacle Bank funds were assets of the Estate of Dotty White Huskey.... ’ ”
The executors filed a response, arguing that Farley’s motion to correct the order was in fact “an untimely and improper challenge to the determination made by the Probate Court that the Pinnacle Bank funds were assets of the Estate of Dotty White Huskey.” The circuit court denied Farley’s motion, agreeing with the executors that Farley’s motion was “an impermissible collateral attack on the validity of the now questioned probate order.” Farley now appeals pursuant to § 12-22^1, Ala.Code 1975 (case no. 1051740).[3]
On the same day he filed his appeal, Farley also submitted a petition for a writ of mandamus (case no. 1051730). The petition for the writ of mandamus and the appeal have been consolidated for pur *396 poses of writing one opinion. Because this Court has appellate jurisdiction under § 12-22-4, Ala.Code 1975, Farley has an adequate remedy through appeal; therefore, we deny his petition for the writ of mandamus. See Ex parte Flint Constr. Co., 775 So.2d 805, 808 (Ala.2000) (“We will issue the writ of mandamus only when ... the petitioner has no other adequate remedy”).

Issue

The issue presented by this appeal is whether the circuit court erred in concluding that the funds in the Pinnacle Bank account are assets of the estate and in so concluding without holding a hearing.

Standard of Review

We are reviewing a decision of the circuit court. After the case was removed to the circuit court from the probate court, the circuit court adopted a factual determination made by the probate court. We have stated:
“When the trial court hears the evidence without a jury, its findings of fact will not be disturbed unless clearly erroneous or manifestly unjust....
“Yet how do[es] th[is] presumption[ ] apply where the probate judge, exercising jurisdiction under Code 1975, § 18-1-1, and the circuit judge, exercising a general superintendence over the probate court under Code 1975, § 12—11— 30(4), both make findings of fact?[4] Th[is] presumption[ ] [is] limited to situations where the trial court actually sees and hears the evidence upon which its findings are based.”
Florence v. Williams, 439 So.2d 83, 85-86 (Ala.1983). “[W]here the court hears no oral evidence in reaching its findings, this Court indulges no presumption of correctness in favor of the judgment of the trial court.” 439 So.2d at 86.
When the administration of an estate is removed from the probate court to the circuit court, the circuit court typically takes the proceeding where the probate court left off. See McKeithen v. Rich, 204 Ala. 588, 589, 86 So. 377, 378 (1920) (“[T]he administration and settlement of a decedent’s estate is a single and continuous proceeding throughout, and there can be no splitting up of such administration, any more than any other cause of action; and when once removed into a court of equity that court’s jurisdiction becomes exclusive, and it must proceed to a final and complete settlement, following its own practice and governed by its own procedure.”); Hall v. Wilson’s Heirs, 14 Ala. 295, 296 (1848) (‘When the cause is thus transferred, the chancellor takes it in the condition in which he finds it ....”); and Taliaferro v. Brown, 11 Ala. 702, 710 (1847) (“We therefore conclude, that in all cases transferred from the orphans’ court to chancery, the chancellor will take them in the plight and condition they are in at the time of the transfer, and proceed with them as in chancery cases, applying the law regulating such estates in the orphans’ court, changing only the mode of procedure, in the same manner as if the cause had originated in his court.”).

Analysis

Farley argues that the circuit court erred in concluding that the funds in the Pinnacle Bank account belong to Huskey’s estate. He points out that before the administration of Huskey’s estate was re *397 moved to the circuit court, the probate court had initially referred to the Pinnacle Bank account as a “joint account” owned by Farley and Huskey. Farley further argues that the probate court’s order allowing the estate to use funds from the Pinnacle Bank account is “consistent with Farley’s position that he agreed to allow some of the funds to be used for ... expenses of the administration of the estate.” Farley’s brief at 22.
The circuit court states, however, that it merely adopted a finding of fact made by the probate court. The probate court in the May 23, 2006, order had authorized the executors unlimited access to the Pinnacle Bank account for “administration purposes.” The fact that the probate court put no restrictions on the estate’s access to the Pinnacle Bank account indicates that the probate court found that the bank account was an asset of the estate. See Transamerica Commercial Fin. Corp. v. AmSouth Bank, N.A., 608 So.2d 375, 378 (Ala.1992) (“[If] the trial judge made no specific findings of fact, this Court will assume that the trial judge made those findings necessary to support the judgment.”).
The probate court reviewed a copy of the Pinnacle Bank account agreement and compared it with other financial documents before finding that the Pinnacle Bank account was “not a survivorship account.”[5] According to the circuit court, the probate court “held two hearings ...; had the parties and their testimony before [it]; and, heard the evidence presented and arguments of respective counsel on the issue of the Pinnacle Bank funds.” Order of August 30, 2006. We cannot conclude that the circuit court erred in adopting the probate court’s factual determination regarding the nature of the Pinnacle Bank account.
Farley argues that even if he does not have a survivorship right to the Pinnacle Bank account, he is a joint owner and is thus entitled to one-half of the funds in the account. See Murphy v. Murphy, 757 So.2d 461, 462 (Ala.Civ.App.2000) (“[I]f one hold[s] an account jointly with another ... but without right of survivorship, the funds in the joint account will be divided between the deceased’s estate and the surviving joint holder....”). However, because Farley failed to raise this argument below, we do not consider it. Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala.1992) (“This Court cannot consider arguments raised for the first time on appeal; rather, our review is restricted to the evidence and arguments considered by the trial court.”).
We hold that the circuit court did not err in adopting the finding of the probate court that the funds in the Pinnacle Bank account “were assets of the estate of [Huskey].” We also hold that the circuit court did not err in refusing to grant Farley’s motion to amend the probate court’s order without holding an additional evidentiary hearing. As the circuit court explained:
“The record clearly reflects that [the probate court judge] held two hearings in this matter; had the parties and their testimony before her; and, heard the evidence presented and arguments of respective counsel on the issue of the Pinnacle Bank funds.”
Given the opportunities Farley has had to submit evidence regarding his right to the Pinnacle Bank account funds, the circuit court did not violate Farley’s due-process rights by issuing its order without holding an additional evidentiary hearing. “We conclude that, under the facts of this case, *398 [Farley] has been provided an adequate opportunity to voice his objections, and those objections have been reviewed.” Robbins v. Sanders, 890 So.2d 998, 1010 (Ala.2004).

Conclusion

For the reasons stated, we affirm the judgment of the circuit court in case no. 1051740. As noted earlier, because Farley had an adequate remedy by way of appeal, we deny his petition for the writ of mandamus in case no. 1051730.
1051730 — PETITION DENIED.
1051740 — AFFIRMED.
COBB, C.J., and WOODALL, SMITH, and PARKER, JJ., concur.

. At the request of the circuit court after the administration of the estate had been removed to that court, the probate court gave the following report of the two hearings it held involving Huskey’s estate:
"At both the April 11 and May 23 hearings!!,] counsel for Farley only made reference to the subject Pinnacle Bank account as a 'survivorship' account, no time referring to it as a joint or another type of account. No argument or point was made otherwise by counsel for Farley, the Honorable Michael L. Chambers, at either hearing. At no time during these hearings did Mr. Chambers make any argument that anything but all the subject account would belong to Farley, and that he, Farley, sought to reserve his right to recover all the funds, in the event the Court subsequently determined the account to be one of surviv-orship. Counsel for Farley only made his survivorship account argument, and presented no evidence and no testimony was taken by the Court at that April 11 hearing.
"In contrast, counsel for the Executors at the April 11 hearing presented the Court with a copy of the subject Pinnacle Bank account agreement, which reflected that the subject bank account was not a survivor-ship account. Counsel for the Executors also provided the Court with a copy of the second bank account statement that established in the name of the decedent and her husband, Farley, at the Community Bank, an account that was established on the very same day as the Pinnacle Bank account and which expressly provided for survivorship rights. The Court agreed with counsel’s observations, that the documents presented clearly established that Dotty Huskey knew
*395 how to set up a survivorship account if she so wished, in light of the fact that the decedent had established such an account that very same date at another financial institution that did provide for survivorship in favor of her spouse Gene Farley, while the Pinnacle Bank account made [no] such provision for survivorship rights.[1]’

. Section 12-11-41 provides:
"The administration of any estate may be removed from the probate court to the circuit court at any time before a final settlement thereof, by any heir, devisee, legatee, distributee, executor, administrator or administrator with the will annexed of any such estate, without assigning any special equity; and an order of removal must be made by the court, upon the filing of a sworn petition by any such heir, devisee, legatee, distributee, executor, administrator or administrator with the will annexed of any such estate, reciting that the petitioner is such heir, devisee, legatee, distributee, executor, administrator or administrator with the will annexed and that, in the opinion of the petitioner, such estate can be better administered in the circuit court than in the probate court.”

. Section 12-22-4 provides:
"From a judgment of the circuit court or probate court on a partial or annual settlement of an estate of a deceased person, an appeal lies to the Supreme Court .... ”

4. Section 18-1-1, which was repealed in 1986, regarded condemnation of lands for public uses. Section 12-11-30(4), Ala.Code 1975, states: "The circuit court shall exercise a general superintendence over all district courts, municipal courts, and probate courts.”

. See note 1, supra.