RICHARD L. HOLMES, Retired Appellate Judge.
Donna W. Kimbrough filed a complaint, alleging that her brother, John W. Whiddon, used undue influence and/or fraud to induce their mother, Nina C. Whiddon (mother), to execute a trust document and quitclaim deed for their mother’s home. Kimbrough further alleged in her complaint that these documents executed by their mother created a living trust for the benefit of Whiddon and that Whiddon’s actions deprived the heirs at law of their lawful intestate distributive share of the mother’s estate. Kimbrough requested that the trial court cancel the living trust created for the benefit of Whiddon.
Kimbrough amended her complaint to allege that Whiddon and their mother had a joint savings account held as tenants in common. At the time of their mother’s death in January 1993, the balance in the joint savings account totalled $117,682.44. Kimbrough further alleged that shortly after their mother’s death, Whiddon transferred the entire proceeds to a new account. Kimbrough requested that the trial court enter a judgment against Whiddon for her lawful intestate share of these funds.
Whiddon filed an answer and a counterclaim.
James Kimbrough, Jr., and Laura Kim-brough Loomis, Donna W. Kimbrough’s children and Nina C. WTiiddon’s grandchildren (grandchildren), filed a complaint against the estate of Nina C. WTiiddon, deceased, and Whiddon. Their complaint alleged that each of them had loaned $37,500 to their grandmother in November 1992, that these funds had been deposited into the joint savings account of their grandmother and Whiddon,. and that the loan had not been repaid either *1200 by their grandmother, prior to her death, or by her estate, after her death. The grandchildren requested that the trial court enter a judgment against their grandmother’s estate in the amount of $75,000 and order that Whiddon repay the $75,000 to their grandmother’s estate in order to satisfy their claim against their grandmother’s estate, or, in the alternative, enter a judgment against Whid-don in the amount of $75,000.
Whiddon filed an answer and a counterclaim.
All these claims and counterclaims were tried together before the trial court, sitting without a jury. The trial court issued an order, which stated the following, in pertinent part:
“Upon hearing the evidence, the court finds that all of the assets of Nina C. Whiddon at her death were held jointly with survivorship or otherwise titled in the name of defendant, John W. Whiddon, and are therefore declared to be owned by John W. Whiddon, except as stated hereafter.
“The court further finds that in November 1992, plaintiffs James Kimbrough, Jr., and Laura Loomis advanced or loaned to Nina C. Whiddon $37,500.00 each and that such are due to be repaid. Therefore, the court orders defendant John W. Whiddon to repay to James Kimbrough, Jr., the sum of $37,500.00, plus interest at 6% per an-num since January 2, 1993, and to repay Laura Loomis the sum of $37,500.00, plus interest at 6% per annum since January 2, 1993, within 30 days herefrom. Judgment is entered for said plaintiffs against said defendant in the aforementioned amounts also.”
Kimbrough filed a motion for a new trial, which was denied. Whiddon filed a motion for a new trial, which was denied.
Whiddon appeals. Kimbrough filed a cross appeal. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
In his first issue, Whiddon contends that the trial court did not have jurisdiction to hear this matter because, he says, the probate court had previously determined that there were no assets in the estate of Nina C. Whiddon, deceased, and had dismissed the petition for letters of administration filed by Kimbrough and the grandchildren. Whiddon contends that Kimbrough and the grandchildren should have appealed the probate court’s ruling, pursuant to Ala.Code 1975, § 12-22-20, rather than filing the present action in the circuit court in an effort to relitigate the same issues which had been presented to the probate court.
While this issue could have been dis-positive of the present case, we would note that Whiddon failed to raise this issue in the trial court below. It is well settled that an appellate court will not consider an issue that has not been properly raised in the trial court. Smiths Water Authority v. City of Phenix City, 436 So.2d 827 (Ala.1983).
Additionally, we would note that res judi-cata is an affirmative defense and must be pleaded. See Rule 8(c), Ala.R.Civ.P. Our review of the record reveals that the first time the probate court’s prior ruling was mentioned was in Whiddon’s notice of appeal.
Whiddon’s remaining issues deal with whether there was sufficient evidence to support the trial court’s determination that “plaintiffs James Kimbrough, Jr., and Laura Loomis advanced or loaned to Nina C. Whid-don $37,500.00 each and that such are due to be repaid” to Kimbrough and Loomis not by the estate of Nina C. Whiddon, deceased, but by Whiddon.
The grandchildren contend that they transmitted these funds to their grandmother to give her security and to ensure that their grandmother could meet any health care needs that might arise. The grandchildren further contend that they were assured that these funds would be returned to them upon their grandmother’s death, through her estate. It would appear that any claim for these funds would be against the estate of Nina C. Whiddon, deceased, not against Whiddon.
Stated another way, there may well be evidence to support the conclusion that their grandmother owed the grandchildren the funds transmitted to her. However, this clearly is the debt of the grandmother’s es- *1201 tote and not a debt of Whiddon, the recipient of the funds contained in the joint savings account. For the reasons stated below, we have determined that the joint savings’ account was a joint account with right of sur-vivorship. Consequently, we reverse that portion of the trial court’s judgment which ordered Whiddon to repay the funds to the grandchildren, and we remand the cause to the trial court for proceedings consistent with this opinion.
In her cross-appeal Kimbrough contends that the trial court committed reversible error when it determined that the joint savings account between Whiddon and their mother was a survivorship account.
Our review of the record reveals that the joint savings account was opened in the names of “Nina C. Whiddon or John W. Whiddon” in May 1984. Whiddon does not dispute that the funds in this joint savings account belonged to their mother. A bank official testified that, after an exhaustive search, the signature card, which would have been completed when the account was opened, could not be located.
However, a signature card which the bank official testified would have been the type used to open the joint savings account of Whiddon and his mother was introduced into evidence. During the course of his testimony, the bank official read the following from the reverse side of this signature card:
“Accounts standing in the name of two or more Depositor(s) may be held jointly mth right of survivorship or jointly as tenants in common. Deposits to such accounts become the joint property of all Depositor(s). In the case of joint accounts payable to either Depositor(s) with right of survivorship, items payable to the order of both or either Depositor(s) may be endorsed by either Depositor(s) for credit to the Account and payment by Bank to or by order of either Depositor(s) shall be a full discharge of Bank whether the other Depositors) be living, incompetent, or dead, and whether the other Depositor(s) consents or objects thereto. In the ease of joint accounts held by Depositor(s) as tenants in common, orders for withdrawal of funds from the Account must be signed by the required number of Depositor(s), as shown on the current signature card, but Bank may require the signature of other Depositor(s) as it may determine in its sole discretion. Upon the death of a Depositor in a joint account held as a tenancy in common, no Depositor shall attempt any withdrawal of funds from Account, but each Depositor shall immediately notify the Bank in writing of the Depositor’s death, further, each Depositor shall indemnify and hold harmless the Bank for any withdrawals made after the death of such Depositor but before such time as Bank receives proper written notice of such death. Depositors agree that Bank may set off a deposit held jointly against an indebtedness of a single Depositor.”
(Emphasis added.)
The law is well settled that all joint accounts are presumed to be owned by the parties as tenants in common, unless the instrument creating the tenancy (the signature card) clearly states otherwise. See Ala. Code 1975, § 35^ — 7; Lansford v. Gorham, 591 So.2d 63 (Ala.1991).
As previously noted, the bank was unable to locate the signature card completed when the account was opened. Our supreme court stated the following in Marshall v. Nelson, 622 So.2d 889, 892 (Ala.1993):
“[T]he failure to designate the type or class of account created an ambiguity in the instrument [which created the tenancy]. Because of that ambiguity, we look to the extrinsic evidence presented to determine the intent of the owners of the account.”
(Citations omitted.)
Both Kimbrough and Whiddon presented extrinsic evidence as to their mother’s intent regarding the ownership of the joint savings account. Everyone agrees that one of the reasons that Whiddon was on their mother’s joint savings account was to give Whiddon access to the funds if their mother became sick or incapacitated.
The bank’s customer service representative who dealt with Nina C. Whiddon for the last six or seven years of Nina’s life testified *1202 that Nina told her that she wanted the money to go to Whiddon at her death and that he would take care of her business after her death. The customer service representative also testified that she allowed Whiddon to remove his mother’s name from the joint account after he presented his mother’s death certificate.
Kimbrough testified that their mother always told her that everything would be divided equally between her and Whiddon. Kim-brough’s husband and mother-in-law testified that Kimbrough’s mother indicated to them that the money was to be split equally between Kimbrough and Whiddon.
Whiddon testified that he desired to carry out his mother’s wishes and that while their mother told him to share and to be fair with Kimbrough, she never told him that the money was to be split equally.
Several other relatives testified as to conversations with Nina C. Whiddon. Their testimony can be summarized as follows: Nina C. Whiddon thought she had found a way to bypass probate. She told them that she had discussed things with Whiddon and that he would get her assets upon her death. She would always say that Whiddon would “be fair.”
In light of the above, we find that the trial court did not commit reversible error when, in light of the extrinsic evidence presented, it determined that the joint savings account was a survivorship account. See Marshall, 622 So.2d 889. Consequently, that portion of the trial court’s judgment is affirmed.
The judgment of the trial court is affirmed in part and reversed in part and the cause remanded to the trial court for proceedings consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of Ala.Code 1975, § 12-18-10(e).
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
ROBERTSON, P.J., and THIGPEN and YATES, JJ., concur.
MONROE and CRAWLEY, JJ., concur in part and dissent in part.