RICHARD L. HOLMES, Retired Appellate Judge.
This case has previously been before this court. See Whiddon v. Kimbrough, 686 So.2d 1198 (Ala.Civ.App.1996), cert. denied.
In our prior opinion, we noted that James Kimbrough and Laura Kimbrough Loomis, bfina C. Whiddon’s grandchildren (grandchildren), had filed a complaint against the estate of Nina C. Whiddon, deceased, and John W. 'Whiddon, seeking the repayment of $75,-000, which the grandchildren claim that they had loaned' to their grandmother prior to her death. The trial court issued an order, finding that the grandchildren had “ ‘advanced or loaned to Nina C. Wflriddon $37,500.00 each and that such are due to be repaid.’ ” Whiddon, 686 So.2d at 1200.
We would note, as we did in our prior opinion,' that John W. Whiddon, Nina C. WTiiddon’s son, was the recipient of a joint sárings account containing $117,682.44, which included the $75,000 loan made by the grandchildren. The trial court ordered Whiddon (not the estate of Nina C. 'Whiddon; deceased) to pay Kimbrough and Loomis $37,-500 each, plus interest at 6% per annum from January 2,1993.
• During the pendency of the prior appeal, the grandchildren made a motion for the trial court to pay to their attorney the $90,245.55 that had been paid into court and was being held by the clerk. The trial court ordered these funds paid to the grandchildren’s attorney in January 1996.
In the prior appeal, we reversed that portion of the trial court’s judgment which required Wflriddon to repay the funds to the grandchildren and remanded the cause to the trial court.
After remand, the trial court issued an order, dated December 4, 1996, which stated the following: “In compliance with the opinion of the Alabama Civil Court of Appeals, Plaintiffs are ordered to pay over to Defendant; John W. Whiddon, $90,245.55, plus interest at 8% per annum since 1/31/96.”
The grandchildren filed a motion to set aside the December 4, 1996, order, and a request for the trial court to comply with this court’s opinion. In their motion the grandchildren contended that the trial court “has not addressed the issue of whether the [grandchildren] are entitled to a judgment against the estate of Nina C. Whiddon[, deceased,] as previously directed by the Court of Civil Appeals, and [the grandchildren] request that a judgment be entered in their favor against the estate.” The grandchildren also contended that the $90,245.55 belonged to their grandmother’s estate.
The grandchildren paid into court the sum of $90,012.54, a portion of the amount collected during the pendency of the prior appeal, and filed a request that the trial court determine the ownership of these funds. Once again, the grandchildren alleged that these funds belonged to their grandmother’s estate and were, therefore, subject to the payment of their grandmother’s debts.
Whiddon filed a response in opposition to the grandchildren’s motions. After oral arguments the trial court issued an order, dated January 10, 1997, which stated: “The Court’s 12/4/96 order is amended to reflect a 6% interest rate rather than an 8% [interest rate] and to order plaintiffs,. James Kim-brough, Jr., and Laura Loomis, arid not all *203 plaintiffs. All other funds held by clerk to be paid over to defendant, John W. Whiddon.”
The grandchildren appeal.
On appeal the grandchildren contend that the trial court committed reversible error when it ordered the grandchildren to pay Whiddon $90,245.55, plus interest at 6% per annum from January 31, 1996. The grandchildren also contend that the trial court committed reversible error when it failed to determine whether the grandchildren were entitled to a judgment against the estate of Nina C. Whiddon, deceased.
In our prior opinion, we stated the following, in pertinent part:
“The grandchildren contend that they transmitted these funds to their grandmother to give her security and to ensure that their grandmother could meet any health care needs that might arise. The grandchildren further contend that they were assured that these funds would be returned to them upon their grandmother’s death, through her estate. It would appear that any claim for these funds would be against the estate of Nina C. Whiddon, deceased, not against Whiddon.
“Stated another way, there may well be evidence to support the conclusion that their grandmother owed the grandchildren the funds transmitted to her. However, this clearly is the debt of the grandmother’s estate and not a debt of Whiddon, the recipient of the funds contained in the joint savings account. For the reasons stated below, we have determined that the joint savings account was a joint account with right of survivorship. Consequently, we reverse that portion of the trial court’s judgment which ordered Whiddon to repay the funds to the grandchildren, and we remand the cause to the trial court for proceedings consistent with this opinion.
“In her cross-appeal [Donna W.] Kim-brough [the daughter of Nina C. Whiddon and the mother of James Kimbrough, Jr. and Laura Kimbrough Loomis] contends that the trial court committed reversible error when it determined that the joint savings account [which contained the $75,-000 ‘loaned’ to Nina C. Whiddon prior to her death] between Whiddon and their mother was a survivorship account.
[[Image here]]
“In light of the above, we find that the trial court did not commit reversible error when, in light of the extrinsic evidence presented, it determined that the joint savings account was a survivorship account. See Marshall [v. Nelson], 622 So.2d 889 [ (Ala.1993) ]. Consequently, that portion of .the trial court’s judgment is affirmed.
“The judgment of the trial court is affirmed in part and reversed in part and the cause remanded to the trial court for proceedings consistent with this opinion.”
Whiddon, 686 So.2d at 1200-1202. (Emphasis in original.)
As noted above, we previously determined that all the funds in the joint savings account belonged to Whiddon, and we will not revisit that issue. Thus, the trial court did not commit reversible error when, after remand, it ordered the grandchildren to repay Whiddon $90,245.55, plus interest. This portion of the trial court’s judgment is due to be affirmed.
As previously noted, the grandchildren also contend that the trial court committed reversible error when it failed to determine whether the grandchildren were entitled to a judgment against the estate of Nina C. Whiddon, deceased.
In our prior opinion, we stated as follows: “[TJhere may well be evidence to support the conclusion that their grandmother owed the grandchildren the funds transmitted to her.” Whiddon, 686 So.2d at 1200 (emphasis added). .We would note that we also stated, “It would appear that any claim for these funds would be against the estate of Nina C. Whiddon, deceased, not against Whiddon.” Whiddon, 686 So.2d at 1200 (emphasis in original).
The grandchildren had filed suit against the estate of Nina C. Whiddon, deceased, and John W. Whiddon, seeking the repayment of $75,000, which the grandchildren claim that they had loaned to their grandmother prior to her death.
*204 In our prior opinion we reversed the trial court’s judgment on this issue and remanded the cause to the trial court. After remand, the grandchildren requested that the trial court “address the issue of whether the [grandchildren] are entitled to a judgment against the estate of Nina C. WhiddonL, deceased].” This, the trial court failed to do.
Consequently, we conclude that the trial, court committed reversible error when it failed to determine whether the grandchildren were entitled to a judgment against the estate of Nina C. Whiddon, deceased. This cause is remanded to the trial court for such a determination.
However, we should not be understood as finding that the grandchildren are entitled to a judgment against their grandmother’s estate, only that they are entitled to have the trial court make such a determination, after it considers all the evidence. Additionally, we should not be understood as finding that if it is determined that the grandchildren are entitled to a judgment against their grandmother’s estate, they are entitled to satisfaction of this judgment.
Stated another way, as this court noted in our prior opinion, the probate court has previously determined that there were no assets in the estate of Nina C. Whiddon, deceased. However, the mere fact that the estate has no assets should not prevent the grandchildren from obtaining a judgment against their grandmother’s estate, if appropriate in light of all the evidence. As previously noted, the grandchildren are not entitled to satisfaction of this judgment against an estate with no assets.
The judgment of the trial court is affirmed in part and reversed in part and the cause remanded to the trial court for proceedings consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of Ala.Code 1975, § 12-18-10(e).
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
ROBERTSON, P.J., and YATES, ' CRAWLEY, and THOMPSON, JJ., concur.
MONROE, J., concurs in the result.